### No. 9030.

### SUCCESSION OF HENRY ESCARRAGUELL.

The mortgages in existence against heirs at the time of the opening of a succession in their favor, are no impediment to the sale, free from the same, of real property judicially ordered to be sold to pay the debts of such succession, under regular administration. The creditors are referred to the proceeds.

Evidence of the existence of such mortgages in favor of minors is properly excluded on a note against a purchaser to compel compliance with the adjudication made to him of such property

Where the title tendered is free from any incumbrance and otherwise such as the adjudicatee is bound to accept, the judgment ordering compliance will not be disturbed.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*F. D. Chrétien* for Plaintiff and Appellee.

*Sambola & Ducros* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an appeal from a judgment condemning a purchaser to comply with the adjudication of the only piece of real estate belonging to this succession, and therein ordered to be sold to pay debts.

The defense to the title tendered is, that the share inherited from the deceased by the father and proposed to be sold, is incumbered with a general mortgage in favor of his minor children against him as their qualified tutor.

The facts are not disputed.    Henry Escarraguell died intestate, indebted, but solvent, leaving as his sole heirs his father and three brothers, one of whom is of age and the other two minors, having their father as their confirmed tutor by nature.

The father was appointed administrator of his succession.    On a proper showing to the court that the succession was indebted for at least $2500,·mostly to the vendor of the real estate, he obtained an order of sale of that property, which on being offered, was adjudicated to one Pico for $3400, payable in cash.

In order to give a clear title to the purchaser, a rule was taken and made absolute for the cancellation of the inscription in favor of the holders of the vendor's notes, relegating them to the proceeds of sale.

The purchaser declining to accept the title, a rule was taken against him to show cause why he should not be made to comply.

On trial of this rule, the purchaser offered to introduce in evidence a certificate of mortgage against the father, showing an inscription in favor of his two minor children, dating anterior to the death of Henry Escarraguell, the recited mortgage resulting from his confirmation as their natural tutor, to secure eventually the sum of $1356.

On objection to the admission of this certificate, on the ground of irrelevancy, the court refused to permit its introduction.    To this ruling a bill was reserved, the certificate being annexed as part.

The objéction was well founded, and the district judge ruled correctly in excluding the evidence offered.

The object which the purchaser had in view was to show that the undivided fourth in the real estate inherited by the father, became from the moment of the death of his son, affected with a general mortgage in favor of his minor children, and that although the incumbrance could not prevent a sale of that share, his portion could only pass *cum onere*.

In support of that position, it is claimed that a general mortgage in favor of minors on the real estate belonging to their natural tutor cannot be removed otherwise than by a special conventional mortgage, and that, until thus removed, it continues to attach and follows the property in the hands of the purchaser.

Whatever the law be in such cases, it is clear that, where a person dies indebted and his estate is placed under a regular administration for a liquidation, the property which he has left vests in his succession. It must be sold to meet his liabilities, and it is not until after the same have been satisfied and after the heirs have accepted and been put in possession, that they can claim to be the absolute owners of the residue and that mortgages recorded against them at the opening of the succession can become *operative*. Until then, the effect of those mortgages is suspended.

An acceptance under benefit of inventory, such as the law makes in favor of minors, or such as heirs of age may make for themselves, is not the unconditional acceptance which vests title in the heirs to property inherited by them and which becomes absolutely theirs after a thorough and final administration and liquidation of the succession of their author.

Although the heir who accepts with benefit of inventory be really the lawful heir and true successor of the deceased, the effect however of the benefit of an inventory is to make him appear in the eyes of the creditors and legatees of the succession, rather as administrator of the estate than as the true heir and proprietor of it. Domat, Lib. I, t. n. 1, §§ 1, 2, 14; 8 L. 411; 4 M. 57; 12 M. 364; 9 L. 142; 7 L. 312; 7 R. 24; 10 R. 457; 12 R. 41, 323; 17 A. 41; 21 A. 566; 28 A. 859; 27 A. 352.

It is upon this principle that it has been held time and again that property belonging to a succession, under administration, in which there are minor heirs or other beneficiary heirs, can be sold to pay the debts and charges without consulting such heirs and regardless of the law which requires that the property of minors shall not be sold for less than the appraisement thereof in the inventory.

If such was not the case it would be impossible to sell the real estate of an indebted succession, under administration, where there would exist general or special mortgages inscribed against the heirs.

The mortgage registry in favor of the minors can no more embarrass the sale and free transfer of the property than it could have done had the holder of the unpaid vendor's notes proceeded to seizure and sale, or had the property realized exactly the amount needed to pay those notes and the other debts of the succession. For the purpose of such sale and transfer, the administrator represents the creditors and exercises for their benefit all the rights which they could have asserted and enforced.

The mortgages attaching to the property are, *ex necessitate*, referred to the proceeds of sale, which are paid to the administrator, who is, as such, responsible for a proper application of the same.

There is in the record an answer to the appeal, praying for damages, as for a frivolous appeal. We notice it merely to refuse it. The matter brought up for review was important and deserved consideration.

Judgment affirmed, with costs.