## No. 240.

### The State of Louisiana vs. Alphonse Hertzog.

1. Where the first count of an indictment has specifically laid the time and venue of the offense, and the second count charges the same act to have been committed "on the day and date aforesaid and in the district, State and parish aforesaid," the laying of time and venue thus made is certain and unambiguous and is sufficient.

2. Section 794 R. S. defines two distinct offenses, viz: (1.) Inflicting a wound less than mayhem with a dangerous weapon; (2.) inflicting a like wound with intent to kill; and under a count charging the first offense, proof of intent to kill is not essential.

3. Under the first clause of the statute it is not essential that the instrument used should be a technical dangerous weapon fashioned and used for purposes of offense. It was long since held that an ordinary pocket-knife, when so employed, was a dangerous weapon within the meaning of the statute; and so, by parity of reasoning, would be an axe, as used in the present case. State vs. Jacob, 10 Ann. 141.

A PPEAL from the Tenth District Court, Parish of Red River.
*Hall*, J.

*J. C. Pugh* and *J. Henry Shepherd*, District Attorneys, for the State, Appellee:

1. The general rule is that two or more distinct substantive offenses may be charged in seperate courts of the same indictment if they are of the same general nature, descrip-

tion and character.  State vs. Crosby, 4 Ann. 434; State vs. Depass, 31 Ann. 487 ; State vs. Gilkie, 35 Ann. 53 ; State vs. Green, 37 Ann. 382.

2.  An indictment charging in separate courts cutting with intent to murder and wounding less than mayhem is not bad for duplicity.  State vs. Green, 37 Ann. 382; State vs. Pierce, 38 Ann. 91; State vs McDonald, 39 Ann. 959.

3.  To constitute the offense of wounding less than mayhem, it is not necessary that the indictment should allege, nor the evidence show that the wound was inflicted on any limb or member of the body used in fighting.  R. S. Sec. 794.

4.  A wound is any breach of the skin, or of the skin and flesh, produced by external violence; any lesion of the body as contradistinguished from a permanent injury, such as maiming.  Bishop on Crimes, Sec. 314.

5.  If the indictment charges that the wound was inflicted with a dangerous weapon, it is not necessary to further qualify the act, with intent to kill.  State vs. Scott, 39 Ann. 943.

6.  When the offense admits of being perpetrated in any one of several varying ways, the pleader may charge all, or one, as he may choose.  Bishop C. P. Vol. I, Secs. 434, 453.

*J. C. Egan* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J.  The prisoner was indicted under Section 794, Revised Statutes, as amended in 1888, and which reads as follows :

" Whoever shall wilfully and maliciously with a dangerous weapon, or with intent to kill, inflict a wound less than mayhem upon another person, shall on conviction be imprisoned not exceeding two years, with or without hard labor, and fined not exceeding $1000."

It is now perfectly settled that this statute defines two distinct offenses, viz :   (1.)  Inflicting a wound less than mayhem with a dangerous weapon; (2.) inflicting a like wound with intent to kill.   State vs. Mix, 8 Rob. 549;  State vs. Lovenstein, 9 Ann. 313; State vs. Simien, 36 Ann. 923.

The first mentioned offense is sufficiently charged without any allegation of an intent to kill.

Accordingly this indictment charges each of the above offenses in separate counts, and the defendant was found guilty under the second count, which charged the offense of inflicting the wound "with a certain dangerous weapon called an axe."

The appellant raises two points for our determination :

1.  A motion was made to quash the second count, on the ground that it is not complete in itself but has to refer to the first count in order to complete the charge as to time and venue.  The deficiency suggested consists in the fact that having, in the first count, specifically set forth

the time and place of the assault, the indictment, in the second count, charges the offense to have been committed " on the day and date aforesaid and in the district, State and parish aforesaid." This laid the time and venue with perfect certainty and without the slightest ambiguity, and is clearly sufficient. State vs. Crittenden, 38 Ann. 448; State vs. Kennedy, 8 Rob. 590.

2. The defendant asked the judge to charge the jury, in substance, that, inasmuch as the wound was inflicted with an axe, which is not *per se* a dangerous weapon within the meaning of the statute, defendant could not be convicted without allegation and proof that the wound was inflicted "with intent to kill." Exception was taken to the refusal of the judge so to charge.

The contention of defendant is that the first clause of the statute applies to weapons technically dangerous, constructed and employed for use as weapons; and that, where the offense is committed with instruments intended and employed for innocent and useful purposes and only becoming dangerous weapons when diverted from their proper use and purpose, the case falls within the second clause and requires allegation and proof of the intent to kill; and that otherwise such intent would be, in no case, essential, and that clause of the statute would be inoperative.

We were much impressed with the force of this argument, though its strength was weakened by a consideration of the difficulty of holding that a wound inflicted with so deadly an instrument as an axe used as a weapon, is not inflicted with a dangerous weapon under the terms of the statute.

The question, however, is not *res nova*, and our doubts are resolved by the clear authority of the case of State vs. Jacob, 10 Ann. 141, in which the indictment was under the same statute and the instrument used was a pocket-knife. The lower judge had been asked to charge that "if the knife used by defendant was shown by the evidence to be an ordinary pocket-knife, such as is commonly used by planters for proper purposes, and was not by the accused specially provided for this occasion, then it was not a dangerous weapon within the meaning of the law'" and this court said: "We are of opinion the judge did not err in refusing to give such instructions."

The case is directly in point, rendered over thirty years ago, and has never been overruled. We feel bound to follow it.

Judgment affirmed.