## T. J. SANDERS *v.* THE STATE OF MISSISSIPPI.

1. BILL OF EXCEPTIONS. *Stenographer's notes. Agreement of attorneys.* *Laws* 1896, *pp.* 91–93.

   Under the act of 1896 (Laws 1896, pp. 91–93) it is unnecessary that the agreement between attorneys, that the stenographer's notes of the evidence, as written out and filed, is correct, so as to dispense with the judge's signature to the bill of exceptions, shall be indorsed upon the paper so filed; it is sufficient if the agreement is made in writing and filed, even in the supreme court.

2. SAME. *Limit of time.*

   The act of 1896, *supra,* does not fix any limit on the time within which such agreement shall be made, and it therefore can be made at any time before the appeal is barred.

FROM the circuit court of Webster county.

HON. C. H. CAMPBELL, Judge.

Appellant was convicted of perjury, and appealed to the supreme court. The bill of exceptions was not signed by the judge, and no agreement of the attorneys in the case in the court below appears in the record certified to the supreme court, but after the record was filed in the supreme court, the following agreement was filed in the cause:

"In this case the record has been carefully examined by T. L. Lamb, acting for the district attorney, Hon. W. S. Hill, at the request of the said district attorney, and by Sam Cooke, one of the attorneys for the defendant, now appellant. And it is agreed by us that the copy of the evidence made by the clerk of the circuit court of Webster county from notes of the official stenographer in said cause, is entirely correct. It is also an agreed fact that the said T. L. Lamb was employed to assist in behalf of the state in the prosecution of said cause, and was

present during the entire trial, and participated therein on behalf of the state.　　　　　　　　　　　　　" T. L. LAMB,

*"Acting for District Attorney.*

" SAM COOKE,

*" Counsel for defendant, now appellant.* "

The attorney-general, for and in behalf of the state, moved to dismiss the appeal, because (1) the record was not made up within the time allowed by law; (2) the record was not made up within the time allowed by the court; (3) there is no written agreement entered upon the stenographer's notes that the same is correct, as required by law; (4) there is nothing to show that the agreement of the attorneys in the case was entered into within the time prescribed by law.

*Wiley N. Nash,* attorney-general, for the motion.

*Sam Cooke, contra.*

WHITFIELD, J., delivered the opinion of the court.

This is a case in which stenographer's notes having been taken, the court allowed sixty days within which they should be filed, from November 14, 1896. The bill of exceptions was not presented to or signed by the judge, but on January 25,· 1897, the counsel on both sides filed in this court their written agreement that the copy of the evidence made by the circuit clerk from the notes of the official stenographer in said cause is " entirely correct." This is very inartificial, but we think it may be fairly treated as an agreement that the stenographer's notes as " originally filed " were correct. It would be too literal a construction to hold that the agreement must be indorsed " on the stenographer's notes "—on the very paper and none other on which they were written. We think the agreement may properly be on a separate sheet. The particular ground of the motion is that the agreement was not made in time; that it ought to have been made in writing within the sixty days. But the provisions of the act of March 18, 1896 (Laws,

pp. 91–93), with respect to "mailing or expressing bills of exceptions to the trial judge" within sixty or ninety days, relate alone to cases in which the judge is to pass upon and sign such bills. There is no provision in the act expressly limiting the time within which "the agreement of the parties or their attorneys" shall be made in writing, and the act should be liberally construed in that regard, in the absence of· such express limitation. It was easy to name a time within which it should be made, if the purpose of the legislature was to fix such a limit, short of the period which would bar an appeal. Nor will anything in favor of the motion follow from the analogy supposed to obtain (as to time within which such agreement must be made) between such time and the time within which bills of exceptions must be mailed or expressed to the judge for his signature. For the reason which chiefly required the judge to sign, within some specified short period, was that the judge might pass upon bills of exceptions before the facts had faded from his memory. But under the new practice, where stenographer's notes are used as the bill of exceptions, and counsel agree in writing that they are correct and shall constitute the bill, no such necessity exists, since such notes, when filed, are a permanent memorial of what the evidence and rulings of the court in the case were. We think this construction in harmony with the spirit and letter of the act. It is not for the court to fix a limit of time, when the legislature fixed none. This construction will not be found to work, practically, any delay, ordinarily, in the making of the written agreement, beyond the sixty or ninety days. For parties, or their counsel, who allow the sixty or ninety days to elapse without mailing or expressing the bill for the signature of the judge, and without making the written agreement, will be wholly at the mercy of each other, a sufficient incentive to see to it, ordinarily, that the written agreement is made within the sixty or ninety days. Wherefore the motion is

*Overruled.*