City of New Orleans vs. Chappuis.

No. 13,618.

City of New Orleans vs. Mrs. Alice Chappuis.

105 179
108 549

105 179
f124 966

## Syllabus.

1. A party charged with crime is entitled to be fairly informed of the nature and cause of the accusation against him. There is a class of cases where, by reason of the special nature of the offense, the charge may be general, but in such cases the court, or the party, may require the prosecuting officer to furnish the defendant with a bill of particulars showing the particular facts relied on.

2. Parties sentenced to fine or imprisonment under a municipal ordinance have the right to have the legality and constitutionality of the ordinance tested in the Supreme Court and to have matters placed in the lower court in such shape as to enable the appellate court to have the issue properly presented The supervisory powers of the Supreme Court can, in proper cases, be invoked to secure that right.

3. The Supreme Court is not authorized on an appeal to it from a sentence of fine and imprisonment under a municipal ordinance to reverse the judgment for an error in the decision of the facts upon which are dependent not the legality or constitutionality of the ordinance, but the guilt or innocence of the accused under the ordinance.

4. Where, on an appeal to the Supreme Court from a sentence of fine and imprisonment under a municipal ordinance the record discloses the existence in the lower court of an issue upon which the sentence could be made to rest independently of any question as to the legality and constitutionality of the ordinance and evidence under that issue supporting the sentence, the appeal will be dismissed.

5. A criminal law is not to be pronounced unconstitutional merely because by following literally its broad and general terms acts perfectly legal might be made the subject-matter of a criminal accusation. The proper course is to read out of the purview of the law matters clearly not intended to fall under it. (State vs. Keasley, 50 Ann. 761.)

6. A charge of unconstitutionality directed as a whole against an ordinance containing six different sections will fail if any of the sections are sustainable. The charge should be made against a particular specified section or sections.

7. The owner of a building in which she has maintained a house of ill-fame will not be forced to move from her house on notice from the mayor to that effect, if she immediately alters her conduct and abandons her occupation, though she may be punished for her past acts on substantive charges and proof.

A PPEAL from the Second Recorder's Court, City of New Orleans— Mormouget, J.

Samuel L. Gilmore, City Attorney, Arthur McGuirk, Assistant City

Attorney, and *M. Dracos Dimitry*, Assistant City Attorney, for Plaintiff, Appellee.

Defendant, Appellant, unrepresented by counsel in the Supreme Court.

The opinion of the court was delivered by

NICHOLLS, C. J. The affidavit before the recorder, on which the judgment appealed from was rendered, charged the defendant with having, on the fifth day of July, 1900, "wilfully violated City Ordinances 13,032 and 13,485, Council Series, relative to lewd and abandoned women."

By this judgment defendant was condemned to pay a fine of five dollars and in default thereof to imprisonment for ten days.

Referring to the record we find copies of two city ordinances, one ordinance containing nine sections, the other ordinance containing one section. The second ordinance is an amendment of the first. Both ordinances refer to the same subject.

The defendant demurred to the complaint, charging that the ordinances were unconstitutional. The recorder overruled the demurrer, and the case went to trial, and, on evidence adduced, defendant was found guilty.

A party charged with crime is entitled to be fairly informed of the nature and cause of the accusation made against him. There is a class of cases in which the charge may be general by reason of the special nature of the offense, but in such cases the court, or the party, may require the prosecuting officer to furnish the defendant with a bill of particulars showing the particular facts relied on. (Clark's Criminal Procedure, Sections 62 *et seq.,* 151 *et seq*).

Parties sentenced to fine or imprisonment under a municipal ordinance are entitled by constitutional provision to test the legality and constitutionality of the ordinance by appeal to the Supreme Court, and that right carries with it the right to have matters placed in the recorder's court in such a shape as to have the legality and constitutionality of the ordinance fairly submitted to the appellate court. If that right be denied them, they have the right, after exhausting proper efforts in the recorder's court, to have matters so placed, to have recourse for relief to this court under its supervisory power.

Where an ordinance contains six or nine sections, one or more of the

sections may be constitutional and the others not. A general charge of having violated the ordinance as a whole, followed by a trial and judgment without specific finding, would leave matters uncertain as to the violation of which section of the ordinance the accused has been found guilty. If he had been found guilty under one of the constitutional sections, he would have no right to contest the unconstitutionality of the other sections.

The defendant did not call for a bill of particulars in the recorder's court, but she, after filing a demurrer, went to trial on the general charge of having violated the two ordinances. When found guilty she did not appeal to the Criminal District Court for the Parish of Orleans, under Article 139 of the Constitution, nor did she come to this court under its supervisory powers, but came to it through an appeal in which form of remedy its powers are extremely limited. We are not authorized to reverse the judgment for an error in the decision of the facts upon which are dependent, not the legality and unconstitutionality of the ordinance, but simply the guilt or innocence of the accused under the ordinance.

We can not tell from the record before us of the violation of which section or sections of the ordinances the recorder found the appellant guilty. There are sections of the ordinance which could constitutionally form the basis for a legal judgment of conviction, for their violation, if sustained by evidence, and there is evidence in the record tending to support a judgment under one or more of these sections. If defendant, in fact, violated section five of the ordinance, she could have been legally convicted to fine or imprisonment under Section 6, independently of any action whatever having been taken by the Mayor. Mayor.

A notice from the Mayor in the premises would have been merely in the nature of putting in default. The simple act itself of "failing to obey the Mayor's notice" would not constitute a substantive offense. The notice and the violation of the notice would only enter incidentally into the accusation as one of the steps leading up to the prosecution. We can not say the recorder undertook to convict defendant of having simply violated a notice from the Mayor, without having had affirmatively proved to his satisfaction the existence of the facts upon which that notice was based, and which would legally justify the conviction.

It will be observed that the judgment of the court was not that the

appellant should move from her house and home, but that she should be fined five dollars, or imprisonment, for a certain established, prior illegal act. If defendant, being guilty, under Section 5 of the ordinance, and served with the notice from the Mayor, which is referred to in the ordinance, had not obeyed it by moving, but had, none the less, at once, changed her mode of life, or given up her illegal occupation, we scarcely think the recorder would have made the mere refusal to move the ground for his judgment. He might, well, however, in spite of this fact, have found her guilty and sentenced her for having violated the ordinance prior to the change in her life or business.

In City vs. Mack (41 Ann. 1079), this court said that ordinances should receive a reasonable construction. We can not pronounce laws or ordinances unconstitutional from the simple fact that their terms are so general that, by following blindly and literally their very letter, parties might be convicted and punished for acts perfectly legal— because, in other words, their provisions might be extended in their application beyond their legitimate and intended scope. (State vs. Keasley, 50 Ann. 761). The proper course to be followed under such circumstances is to read out of the purview of the law, or the ordinance, as not intended thereby, matters, which if necessarily to be enforced under them would render them unconstitutional. It is to be presumed that judges will follow that course.

There are sections in the ordinances in this case which would not be sustainable, if they were intended to be made, and could forcedly be made, to cover all cases falling under their very broad and general terms, but we must assume, as we have said, that when they are sought to be applied they will be restricted within proper limits. It will be time enough to discuss the question of the force and authority of the City Council to deprive a citizen of the benefit of a shelter or a house or home, simply because she may be an immoral person, if, when in the occupancy of that house or home, she be not guilty there of immorality (Hubbard vs. Moore, 24 Ann. 592), when any case of that character should arise and call for a decision. Appellant urges that the recorder refused to allow evidence to show that she had, after she received notice from the Mayor, done no act by reason of which she could be legally found guilty under the ordinance, and counsel insists that the recorder was without warrant or justification in bringing under the term, "lewd and abandoned women," a woman whose relations with a particular man were those of husband and wife, without their being

such in fact. It is true that the recorder did restrict the evidence, but we can not say that the reason for restraining it was that suggested. He may well have deemed the evidence irrelevant in view of other evidence going to show proper cause for the conviction outside of the particular issue which appellant was seeking to raise. We have no reason to suppose that the recorder construed, as it is suggested he did, the term "lewd and abandoned women."

If the recorder merely misapplied the law, defendant had means of relief from the error by appeal to the Criminal District Court.

We can not say, from the record, that the judgment of the recorder was not a legal conviction based upon a constitutional section of the ordinance. The demurrer was a general one, directed against the ordinance as a whole. He was justified in overruling it if parts of the ordinances could successfully resist the attack. We think there were sections of that character in the ordinances. As matters stand we can not reverse the judgment.

The judgment is affirmed.