CLARENCE H. CHENAULT v. ADAMS MACHINE COMPANY.

[52 South. 189.]

MOTION TO STRIKE OUT STENOGRAPHER'S REPORT OF EVIDENCE.

1. STENOGRAPHER'S REPORT OR NOTES. *Time for filing. Code* 1906, §§ 797, 4790, 4791.

The time within which the stenographer's report, called notes, of the evidence in a cause is to be filed, under Code 1906, § 797, providing for its filing within sixty days after the end of the term of court at which the case was tried, but empowering the court to extend the time to ninety days, is not enlarged by, nor by proceedings under, Code 1906, §§ 4790, 4791, relating to the duties of the stenographer.

2. SAME. *Indorsement. Right to object. Waiver.*

An indorsement upon the stenographer's report (notes) of the evidence by the attorney of the losing party admitting its correctness, is not an agreement that it could be filed out of time, and is not a waiver of the right to object to its filing.

FROM the circuit court of Attala county.

HON. GEORGE A. MCLEAN, Judge.

Chenault, appellant, was plaintiff in the court below; the Machine Company, appellee, was defendant there. From a judgment in defendant's favor plaintiff appealed to the supreme court. The appellee moved the court to strike from the record the stenographer's report or notes of the evidence. The facts upon which the motion was based are stated in the opinion of the court.

*Luckett & Guyton,* for the motion.

*Flowers, Fletcher & Whitfield, contra.*

[The briefs of counsel on the motion could not be found by the reporter, hence synopses of them are not given.]

MAYES, C. J., delivered the opinion of the court on the motion.

There is a motion filed in this cause to strike out the stenographer's notes, because filed after the time allowed by law. We may say in the outset that after the most careful inspection of this record we have failed to find that the stenographer's notes were ever marked "Filed;" but, since counsel on both sides seem to agree that the notes were filed on the 27th day of December, 1909, we waive this question, and consider the case as if it appeared that the notes were filed on above date.

This case seems to have been tried at the September term of the circuit court of Attala county and the court seems to have adjourned on the 23d or 25th day of September. If the court adjourned on the 23d day of September, then it was ninety-four days from the date of adjournment until the notes were filed; and if it adjourned on the 25th, then it was ninety-two days from the date of adjournment until the filing of the stenographer's notes. In either case, if section 797 of Code of 1906 controls, the notes were not filed until after the expiration of the maximum time allowed by that section for the filing of the notes. After the trial of the case, a motion for a new trial was duly made, and in overruling this motion the court allowed ninety days for the preparation and filing of the stenographer's notes, which action of the court is authorized by section 797 of the Code. After this was done, and long after the adjournment of the court, but before the expiration of the ninety days already allowed, the judge undertook to still further extend the time, and an order was made on the 20th day of December, 1909, allowing twenty days' additional time for filing the stenographer's notes; the extension of time to run from the expiration of the time already allowed. In short, under the time allowed by the trial judge on the overruling of the motion for a new trial, plus the time allowed by the

order made on the 20th day of December following, one hundred and ten days are allowed the stenographer in which to transcribe and file the notes.

It is claimed that section 4791 of the Code is controlling in this case, and that this section gives the judge the power attempted to be exercised by him. In order to properly understand and construe section 4791, it is necessary to examine the chapter in which this section is found, and to keep in mind the subject it deals with and the object intended to be accomplished by it. When this is done, it will be readily seen that there is no conflict between sections 797 and 4791. Each stands independently of the other, and each accomplishes, without conflict, the purpose of its enactment. It cannot be doubted that a time limit should be fixed for the preparation and filing of stenographer's notes when an appeal is taken. If there was no time limit for this, much confusion and injustice would be the result. When section 797 is examined, there can be little doubt but that this time limit is fixed, definitely and beyond doubt. The time limit is fixed by section 797 at sixty days from the end of the court, if there be no order of the judge giving further time; but the judge may extend the sixty days to ninety, under the provisions of this statute, but no longer. This section—that is to say, section 797—is the statute which fixes the limit of time to control both the judge, the parties, and the stenographer as to what time may be allowed for filing stenographer's notes. Of course, it is needless to say that parties may agree among themselves for further time; but the judge cannot grant further time than ninety days from the end of the term as a matter of official power. The judge derives his powers from the statute, and the exercise of the powers are limited by it.

In order to understand section 4791, let us review, to a limited extent, the chapter in which it is found and the object

of the chapter.   The chapter is dealing not with the procedure in reference to completing the appeal by dealing with the stenographer's notes.   This subject is settled by section 797.   The chapter in which this section is found is chapter 135, and its object and purpose is to regulate the stenographer himself. The purpose of the chapter is to provide the manner of appointment of the stenographer for the court, prescribe his oath, fix the term of office, require bond, and prescribe his duties.   In short, the whole object of this chapter is outside of any purpose sought to be accomplished by section 797.   When section 4791 is read in this light, and construed in connection with section 4790, all doubt as to the meaning of section 4791 is cleared up. By section 4790 it is made the duty of the stenographer, on demand of either party, within twenty days from the conclusion of the trial or from the time of demand, to transcribe the notes and certify, sign, and file with the clerk.   Let it be noted that under this section no provision is made for any excuse on the part of the stenographer; but this section peremptorily commands that he transcribe and file the notes twenty days after demand.   In many cases this might be impossible.   Appreciating this fact, the legislature made provision for the relief of the stenographer by section 4791, wherein it is provided that the judge may, when he deems it proper, grant a reasonable extension of the time in which the stenographer shall make out and file the notes.

This section (4791) is dealing with the stenographer and his duties, and does not in any way bear on the time fixed by section 797 for the filing of the notes.   The previous section has just said that the stenographer shall transcribe the notes in twenty days after demand made, and section 4791 merely means that the judge may allow the stenographer longer than twenty days if he deems proper; but in no case can the judge allow the stenographer a longer time than is fixed by law as

the limit of time for the filing of the stenographer's notes. The notes may be transcribed in twenty days, but neither party is compelled to file them under section 797 until some time before the expiration of the time fixed by that section. In other words, suppose the trial judge allowed ninety days under section 797 for the preparation and filing of the stenographer's notes, and afterward a party should demand of the stenographer to transcribe the notes under section 4790, and the stenographer should do so within twenty days after adjournment. It would not be necessary for the party making the demand and receiving the notes to file them immediately, but he could file at any time within the ninety days. This clearly shows that these sections are independent and intended to accomplish different purposes.

If the case of *Louisville R. Co. v. McDonald,* 79 Miss. 641, 31 South. 417, 418, has any bearing on the question in this case at all, it supports the view of the court as expressed herein. In the above case it appears that the court granted sixty days for the preparation of the stenographer's notes at the time the motion for a new trial was made. Afterward, and before the expiration of the sixty days, the court granted an additional thirty days, making ninety in all. This court merely held that the trial judge had the power to extend the time to ninety days, if the additional thirty days was granted before the expiration of the sixty-day period allowed in the original order. But this court has never held, under the facts of this case, that a longer period than ninety days may ever be granted.

But it is contended that this motion should be overruled at all events, because on the 11th day of January, 1910, counsel for party making the motion to strike out made the following indorsement on the notes, to wit: "We have carefully examined the above notes and find them correct as amended and corrected by us." We do not think that the above agreement can be

given any other meaning than the plain language used authorizes.    It is a statement that the notes are correct, but it is not in any sense an agreement that the notes may be filed out of time.    The above agreement has no reference to a waiver of the right to object to the filing of the notes because the time limit has expired.    The facts of this case make it different from either of the cases cited by counsel in support of their contention; that is, the case of *Sanders v. State,* 74 Miss. 531, 21 South. 299, or *State v. Spengler,* 74 Miss. 129, 20 South. 879, 21 South. 4.    The motion in this case addresses itself to the filing of the notes after the time limit, not to the proper authentication of the notes, as was the case in both of the above cases.

We do not deem it necessary to further comment on contention of counsel appearing against the motion, since it is our view that the other provisions of the statute relied on by them have no application to this case.    It is quite true that it is provided under section 797 that "if the stenographer should die, resign, refuse, or be unable from any cause to furnish a typewritten copy of his notes, forty days' additional time shall be allowed for the substitution of the bill of exceptions," etc. It is manifest that the above clause has no application for the reason that it only applies in a case where it becomes necessary to make a substitution, and no such case is here made.    The stenographer did not die, resign, or refuse to supply the notes, nor was he unable to furnish the typewritten copy; but, on the contrary, he did furnish the copy.    There was no cause for substitution, and therefore this part of the statute does not apply. It cannot be used for the mere purpose of gaining more time than is specifically allowed by the first part of the statute.    The other and following portion of section 797, which provides that "in case of the death of the stenographer before filing a copy of the notes of the evidence and proceedings in any case, or of

his failure to file the same within forty days after the end of the term of the court, or within any extended time, the party taking the appeal may within forty days after the forty, sixty, ninety, or other extended time, prepare and present to the judge a bill of exceptions," etc., applies only in case of the death of the stenographer, and is not in point here.

The motion is sustained, and stenographer's notes ordered stricken from the record.

*Motion sustained.*