(68 South. 837)

No. 21165.

STATE v. MINES.

(May 24, 1915. Rehearing Denied June 14, 1915.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ⚌121 — BILL OF PARTICULARS—RIGHT TO DEMAND.

Where the charge contained in an indictment, even though in the language of the statute, is so general as not to disclose the particular acts and things, thought to have been committed and done by the defendant and intended to be relied on as constituting the offense charged or sought to be charged, the defendant may require further information by means of a bill of particulars, though the same relief may, ordinarily as well, and perhaps better, be obtained by demurrer or motion to quash.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320; Dec. Dig. ⚌121.]

2. INDICTMENT AND INFORMATION ⚌121—INTOXICATING LIQUORS ⚌200—INDICTMENT—SUFFICIENCY.

Where an indictment for selling intoxicating liquors without the previous obtention of a license, when supplemented by a bill of particulars, informs the defendant that he is charged with selling a specified quantity of a named liquor at a particular place, upon a given date, and at a stated price, the offense is sufficiently identified to put him on his guard and to protect him against a subsequent prosecution for the same act, and there is no reversible error in refusing to require the prosecution to furnish the names of the state witnesses or the hour of the day at which the sale is thought to have been made.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 316–320; Dec. Dig. ⚌121; Intoxicating Liquors, Cent. Dig. §§ 219, 220; Dec. Dig. ⚌200.]

3. CRIMINAL LAW ⚌596 — WITNESSES ⚌102, 333—INTERESTED WITNESSES—RIGHT TO IMPEACH—CONTINUANCE.

A person who is hired to obtain information and give testimony in criminal prosecutions, whose pay, in each case, depends upon his giving testimony which will secure a conviction, and who may therefore go hungry, unless he gives such testimony, is nevertheless a competent witness, though his relation to the case may affect his credibility. On the other hand, a defendant in such case has the right to impeach the character for veracity of any adverse witness who has given material testimony, and must be afforded some opportunity for the exercise of that right. Hence where the state refuses to disclose the names of its witnesses until the day of trial, and then produces persons who are unknown in the community and who admit that they are to be paid in the event the defendant is convicted on their testimony, and will otherwise receive nothing, a continuance should be granted, upon timely application, in order to afford the defendant an opportunity to inquire as to and impeach the characters of the witnesses so produced.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1328–1330; Dec. Dig. ⚌596; Witnesses, Cent. Dig. §§ 403–414; Dec. Dig. ⚌102, 333.]

Appeal from Second Judicial District Court, Parish of Bossier; J. N. Sandlin, Judge.

Jake Mines was convicted of retailing intoxicating liquors without a license, and appeals. Reversed and remanded.

Murff & Roberts, of Shreveport, for appellant. Ruffin G. Pleasant, Atty. Gen., and Thomas W. Robertson, Dist. Atty., of Minden (G. A. Gondran, of New Orleans, of counsel), for the State.

Statement of the Case.

MONROE, C. J. Having been indicted for retailing intoxicating liquors without the previous obtention of a license, defendant demanded a bill of particulars, showing the date, time of day, place, and name of person upon and at which and to whom the alleged sale had been made, as also the kind and quantity of liquor sold, and the district attorney having given the date and place of sale and the kind and quantity of liquor and the price, but having declined to give the time of day or name of person, he (defendant) objected that the information furnished was insufficient, and reserved a bill of exception to the overruling of his objection. And thereafter, when the case was called for trial, he moved for a continuance, and reserved a second bill, reading as follows, to wit:

"Be it remembered that on the 8th day of February, 1915, after the state had called the above-styled cause for trial and, for the first time, notified the defendant who the witnesses

would be, counsel for defendant filed a motion to continue the case for the following reasons:

"First. That he never knew until this morning, when the case was called, who would be the witnesses against him, having called for the names and the state having refused to give the same. * * *

"Second. That said witnesses Wilson and White are strangers in the parish, whom your defendant never knew or heard of before to-day.

"Third. That upon their own . testimony, * * * in another case tried this day, they admit that they are to get $50 for each conviction, and that their pay depended upon the conviction of defendant.

"Fourth. That not knowing the witnesses until to-day, and they being strangers in the community and parish, he has had no opportunity to investigate the character of these witnesses for truth and veracity, and, being hired witnesses, he should at least have an opportunity to inquire into their characters generally, and especially for truth and veracity, and, in order to do so, should have a continuance until the next term of court.

"Fifth. That defendant has a right to show the character of the state witnesses for truth and veracity, which is a legitimate defense, and, if successfully done will tend to clear defendant of the charge.

#### "Statement.

"The only witnesses against defendant were White and Wilson, who were strangers in the parish, and to defendant, who admitted that they were employed to hunt up bootlegging cases, and to receive $50 for each conviction, secured upon their testimony; that there was no corroborating evidence, but that the sole witnesses were these two hired detectives. They were the only witnesses to the sale of intoxicating liquor. The only other witness for the state was to the reputation of these witnesses, as to their truth and veracity. Which statement of facts we ask the court to confirm or correct. The court overruled the motion for the following reasons: That this is practically same point passed on in rule for bill of particulars, asking that the names of state witnesses be furnished to defendant. The court knows of no law or jurisprudence requiring this to be done.

"To which ruling counsel for the defendant excepted," etc.

#### Opinion.

[1, 2] I. Defendant appears to have been prosecuted under Act 66 of 1902, which reads, in part:

"*Whoever shall * * * retail spirituous or intoxicating liquors without previously obtaining a license from the police jury, town or city authorities,* on conviction shall be fined. * * * Where it is contended in prosecution for * * * violation of this section that said spirituous or intoxicating liquors were prescribed and sold as a medicine it shall be for the court to decide whether such prescription and sale were made in good faith; and in case of sickness or as a mere subterfuge and with intent to evade the provisions of this section."

The charge here in question is formulated in the language of the statute which we have italicized, and further states the date of the alleged sale to have been February 1, 1915 (being the same as that upon which the indictment was returned), and the place the parish of Bossier; and there is no contention as to any liquor having been sold on prescription or as a medicine. The Revised Statutes contain the following provisions bearing upon the issues here presented, to wit:

"Sec. 1062. It shall not be necessary to state any venue in the body of an indictment, but the * * * jurisdiction named in the margin thereof shall be taken to be the venue for all the facts stated in the body of such indictment: Provided, that in cases where local description is or hereafter shall be required, such local description shall be given in the body of the indictment.

"Sec. 1063. No indictment * * * shall be held insufficient for want of the averment of any matter unnecessary to be proved, * * * nor, for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly. * * *

"Sec. 1064. Every objection to any indictment for any formal defect apparent on the face thereof, shall be taken by demurrer or motion to quash such indictment, before the jury shall be sworn, and not afterwards; and every court before which any such objection shall be taken for any formal defect, may, if it be thought necessary, cause the indictment to be forthwith amended in such particular, and thereupon the trial shall proceed as if no such defect had appeared."

The law thus quoted does not require a defendant to go to trial under an indictment that charges no offense, but contemplates that no indictment shall be held to be insufficient, but may be amended, where its specification of matters not of the essence of the offense charged is imperfect or erroneous, and the defendant makes objection by demurrer or motion to quash. It may happen, however, that a charge, though in the terms of the statute, is too general, when applied to

a particular offense, to place the defendant on his guard, and, in such case, he may properly request, and the court may properly direct (though the granting of the request is largely within the discretion of the court), that the prosecuting officer furnished him with a bill of particulars. City v. Chappius, 105 La. 179, 29 South. 721; State v. Maloney, 115 La. 511, 39 South. 539; State v. Goodson, 116 La. 398, 40 South. 771; State v. Clark, 124 La. 965, 50 South. 811. In the case of State v. Maloney, thus cited, defendant was charged with conducting a "pool room," and the court said:

"We do not think the generality of the term 'pool room' was such as to make the statute inoperative. Board of Com'rs v. Mialegvich, 52 La. Ann. 1292, 27 South. 790. The defendant had, however, the right to have had the specific kind of 'pooling' which he was charged with operating at his place of business set out in a bill of particulars, had he thought proper to claim that right; but he did not do so."

In State v. Goodson, supra, it was said:

"The second complaint that 'the court refused to force the district attorney to furnish them a bill of particulars giving them specific details as to the time, date, and place of the crime, which they are alleged to have committed,' is based, we think, upon a claim that a bill of particulars can be asked as a matter of right. If so, counsel is mistaken. It is a matter resting greatly in the discretion of the trial judge. 1 Bishop, Crim. Procedure, § 643; 2 Bish. Cr. Proc. §§ 100, 201."

In the instant case, the charge contained in the indictment is:

"That Jake Mines, late of the parish of Bossier, on the 1st day of February, in the year of Our Lord one thousand nine hundred and fifteen, at and in the parish, district, and state aforesaid, did, then and there, in the peace of God and the state, then and there being, willfully and unlawfully retail spirituous and intoxicating liquors without previously obtaining therefor a license from the police jury of the parish of Bossier, La., or from any incorporated town or city of said parish, contrary to the form of the statute," etc.

The charge, as we have stated, is framed in the language of the statute, but, as so framed, amounts to nothing more than an allegation that defendant did on a day named, within the parish of Bossier and state of Louisiana, violate the law which penalizes the retailing of intoxicating liquor, without the previous obtention of a license, and conveys no information as to what particular act or thing committed or done by defendant, is intended to be included in the allegation as constituting such violation. He was therefore entitled to request further information and a further specification on that subject in order to enable him to prepare his defense, and in order that he may be protected against a subsequent prosecution for the particular act or thing, constituting the basis of the charge, as made, but not therein set forth, and the request having been made, the district attorney supplemented the indictment as follows:

"Now comes the state and, for answer to defendant's motion for a bill of particulars, avers: Date Dec. 3, 1914; ½ pint of whisky; at a small building adjoining Sorrell store, E. approach old R. R. bridge; price, 50 cents."

Defendant was therefore informed that, as constituting the offense included in the general allegations of the indictment, he was charged with selling a specified quantity of a named intoxicant at a particular place, upon a given date, and for a stated price. And his complaint now is that the information so given is insufficient in that it does not include the name of the person to whom the liquor is thought to have been sold or the time of the day at which the sale is thought to have been made.

In State v. Kuhn, 24 La. Ann. 474, it was contended, in support of a motion (filed in the trial court) to quash the indictment, that the charge, as there made (being the same as contained in the indictment now before us), of retailing, etc., without a license, should have set forth the elements of the offense, but the court said:

"We do not concur in this view. The offense is a statutory one—the retailing of spirituous liquors without first procuring a license—and the indictment following the words of the stat-

ute is sufficient. We deem it unnecessary for the indictment to give the definition of the word 'retail,' or specify what constitutes retailing, under the provisions of the law, as distinct from selling at wholesale or otherwise. It is the pursuing of the particular kind of business without a license that is made an offense, and not the selling of a particular quantity of spirituous liquors on a particular day to a particular person. The accused is notified of the charge that on a certain day he did retail spirituous liquors without first procuring the license required by law; that is, that on that day he was pursuing the business without license."

The question whether, conceding the indictment to have been technically sufficient to stand as against the motion to quash, the defendant should not in fairness have been furnished with additional information, by means of a bill of particulars, was not presented or considered. In fact, the bill of particulars appears to have been introduced into our jurisprudence at a later date.

Beyond that, it is to be inferred, from the language of the opinion, that the defendant, then before the court, was openly engaged in business at a fixed place, as a "common dealer," and that the intent and meaning of the indictment was to charge him with conducting the business of retailing liquor. On the other hand, as we understand the situation here presented, the intent and purpose of the indictment is to charge the defendant now before the court, not with conducting a "grog or tippling shop" or a "business," but, with having on a particular occasion violated the law which prohibits the retailing of spirituous liquors without having previously obtained a license so to do.

In State v. Brown, 41 La. Ann. 775, 6 South. 638, the defendant had also moved to quash the indictment upon the ground, among others, that it "was vague and indefinite, for its failure to specify the names of the person or persons to whom she was alleged to have "sold spirituous liquors"; and it was said by this court:

"As the gravamen of the misdemeanor is the selling of liquors without a license, the person of the party purchasing is not an essential ingredient of the charge; the statute (referring to R. S. § 910, which, for the purposes of the present question, is the same as Act 66 of 1902) making no discrimination of grade or degree of the offense, based on the age, sex, or personality, in any way, of the persons to whom the liquors are sold. Hence the name of the buyer is of no essential importance in the confection of the indictment."

Practically the same question was presented, and similarly decided, in State v. Burkhalter, 118 La. 657, 43 South. 268; but in State v. Selsor, 127 La. 513, 53 South. 737, the defendant, who was charged, with two other persons, with selling, etc., without license moved for a bill of particulars, showing the name of the purchaser, the date and place of sale, the kind, quantity, and price of the liquor, whether the sale was made by defendant or one of his codefendants, and whether the liquor was sold in original packages or otherwise; and the bill furnished merely informed him that he was charged with selling beer in quantities less than five gallons.

Upon which showing it was said by this court:

"We are of opinion that the bill of particulars furnished by the prosecution was insufficient. Under the information and bill of particulars, the accused might have been called upon to meet evidence of any sale of beer made by himself or by either of his codefendants, as partner, agent, or employé, at any place in the parish of Caddo, and at any time within the year preceding the filing of the information. The accused is entitled of right to be informed of the facts necessary to enable him to prepare his defense [citing State v. Clark, 124 La. 966, 50 South. 811]. * * * It seems to us that the particular time and place of sale, and the name of the seller, if known, are of equal importance. The name of the purchaser is immaterial. In the case at bar three persons were jointly charged with selling intoxicating liquors without a license. The defendant Selsor was entitled to be informed of the facts on which the prosecution relied to hold him responsible for his own acts, or the acts of his codefendants, or either of them. In City of New Orleans v. Chappius, 105 La. 179, 29 South. 721, the court said:

"There is a class of cases in which the charge may be general by reason of the special nature of the offense, but in such cases the court or the party may require the prosecuting officer to furnish the defendant with a bill of particulars

showing the particular facts relied on. Clark, Cr. Proc. § 62 et seq.; Id. § 151 et seq.' "

In State v. Isaac, 129 La. 124, 55 South. 736, the trial judge appended the following statement to the bill of exception reserved to the overruling of a motion to quash (quoting in part), to wit:

"The bill of information shows the date when each sale was made, not only as to the sales upon which the state relies as part of the evidence to show the grog and tippling shop alleged in the first count, but also the date of the particular sale upon which the state relies to show the unlawful retailing alleged in the second and third counts. It likewise gives the exact place where the alleged grog shop was kept and conducted, and where the alleged sale relied on in the second and third counts was made. It also gives the quantity and kind sold. The bill also states who made manual delivery of the liquors. Certainly the information given is ample to place defendants on their guard. * * * I refused to order the state to give the name of the purchaser on the authority of State v. Selsor, * * * recently decided," etc.

And this court agreed with the trial judge that the information furnished was sufficient.

The case of State v. John, 129 La. 208, 55 South. 766, was similar to that above cited. The defendant was charged, in one count, with keeping a grog and tippling shop, and, in a second count, with retailing, etc., and he was informed, by the bill of information, that the facts included in the charges were that he had sold three drinks of intoxicating liquor, at a specified place, in Lake Charles, on specified days, which was held to be sufficient to warrant the denial of a bill of particulars containing further information; it appearing, however, that he had been acquitted of the charge contained in the second count of the information.

In Fletcher v. State, 2 Okl. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581, the Oklahoma Court of Criminal Appeals, in a most able opinion, held that an indictment, in a case such as this, must allege the name of the person to whom the liquor is thought to have been sold, or, if the name be unknown, that the fact must be stated. The case is exhaustively annotated, and the conclusions of the learned author of the note are stated, in the different headings, as follows:

"The name of the buyer must be alleged, where it is made an offense to sell to a particular class of persons; e. g., men of known intemperate habits. * * * All the cases agree that an indictment for selling liquor, contrary to law, within a given distance from a particular building or place, need not name the buyer. * * * Likewise it is agreed that the buyer's name need not be alleged where defendant is charged with being a common seller or dealer in intoxicating liquor. * * * The decisions are in hopeless and irreconcilable conflict as to 'sale contrary to the prohibitory statute or ordinance.' * * * Where the sale was unlawful because made in territory in which a local option law was in force, it has been held that the buyer's name must be alleged [citing 1 case from Ohio and 5 from Texas]. But, on the other hand [citing 1 case from Georgia and 2 from Missouri], it was held that this allegation was unnecessary. * * * There is the same conflict as to indictments for sales without a license. Thus the following cases hold that the name of the buyer must be alleged [citing 21 cases from Indiana, Missouri, Oklahoma, Rhode Island, New Jersey, and Texas]. But the following cases hold that indictments for sales without a license need not name the buyer [citing 36 cases from United States courts, Arkansas, Dakota, Florida, Georgia, Illinois, Mississippi, Louisiana, Missouri, New York, Pennsylvania, South Dakota, Vermont, 5 Leigh (?), Virginia, West Virginia and Wisconsin]. It has been held that an indictment for selling liquor on Sunday, contrary to law, must name the person or persons to whom the liquors were sold [citing cases]; but the greater number of cases have held that, since the gravamen of the charge is a desecration of the Sabbath, it is not necessary to name the person to whom the liquor was sold [citing other cases]. An indictment for selling intoxicating liquors on election day, in violation of the law, must name the buyer [citing 2 cases]. An indictment for selling liquor in a smaller quantity than authorized by law, without stating to whom the sale was made, is bad [3 cases; 1 contra]. Where druggists are authorized to sell liquors, provided the purchaser first procure a prescription therefor from a registered physician, the indictment must name the buyer, else the defendant, for his defense, would be compelled to take with him to the trial all prescriptions filed, the prosecutions for which would not be barred by the statute of limitations [16 cases from Missouri]. But under like statutes it has been held that the buyer's name need not be alleged [1 case each from Mississippi, Missouri, and West Virginia]. The cases which hold that it is not necessary in the indictment to name the person to whom the liquor was sold are generally based upon the theory that the offense is against public morals, and not against the property or person of an individual; that

the mere sale does not affect the rights of another person, as in the case of larceny, assault, and the like, where the violation of private rights enters into the very essence of the offense. The decisions holding that the name of the person to whom the illegal sale was made should be stated in the indictment are generally based upon the ground that such averment is requisite, not only to inform the accused of the specific charge alleged against him, * * * but to prevent a second punishment for the same offense, by pleading in bar a former acquittal or conviction. Nevertheless many of these same courts hold * * * that when the buyer's name is unknown to the grand jury, and it is so stated in the indictment, it is sufficient [citing a number of cases]."

Two cases are to the effect that statutes declaring the naming of the buyer to be unnecessary are constitutional, and one case, contra.

We are of opinion that the question to be here considered is whether the offense is charged in language which sufficiently identifies it to enable the person accused to prepare his defense and to protect himself by the plea of autre fois acquit or autre fois convict from another prosecution for the same act, and that the particular offense here involved is so charged, in the allegations giving the name of the individual by whom, the day upon which, the particular place at which, it is said to have been committed, and the kind, quantity, and price of liquor sold. We are further of opinion, however, that no sufficient reason is here shown why the state, being in possession of the information, should not have made the identification more certain by giving the names of the persons to whom the sale is said to have been made, and other reasons why such a course would be advisable will appear from our consideration of the remaining bill of exception. We think it proper to add, too, that we do not wish to be committed, by what has been said in this opinion, to the doctrine that a defendant may not as well, and perhaps better, obtain by demurrer, or motion to quash, the relief which, in this case and others, has been sought by way of motions for bills of particulars.

[3] II. It must be admitted that there is something which seems to shock the sense of right and to be inconsistent with the proper administration of justice in the employment, by the state, in criminal prosecutions, of witnesses whose livelihood depends upon their giving testimony which will secure convictions, and who therefore go hungry unless they give such testimony.

"At common law, a party to a [civil] action was not a competent witness at the trial thereof, and a person who, although not a party, was interested in the result of the action, was also held incompetent. A defendant on trial for crime was not competent as a witness in his own behalf, and a person interested in the result of a criminal prosecution or penal action was also excluded." 40 Cyc. 2244, 2245. "The status of a witness or his personal business or contractual relationship to one or more of the parties might give him an interest which would disqualify him. Disqualification, in a criminal prosecution or penal action, might result from a right to, or interest in, a fine, penalty, or forfeiture to which the accused would be subjected upon conviction or a liability for costs in case defendant was acquitted." Id. pp. 2250–2252.

Under the legislation as it existed in this state in 1822, persons who were incompetent as witnesses in civil cases were those who were slaves, or were under 14 years of age, or were of unsound mind, or were interested pecuniarily, or were infamous, or were the husbands, wives, ascendants, or descendants of any litigant. Act of 1805, No. 26; Bernard et al. v. Vignaud, 10 Mart. (O. S.) 566, 567. And in criminal prosecutions the rules of evidence were declared by Act No. 50 of 1805, § 33, to be those of the common law. The Civil Code of 1825 made no change with regard to witnesses in civil cases, and none was otherwise made, until 1868, when, by Act 204 of the session of that year, the General Assembly amended article 2260 of the Civil Code so as to provide that the competent witness, in civil matters, should be a person of "proper understanding," and that, where husbands and wives are joined as

plaintiffs or defendants, they shall be competent witnesses for or against their separate interests. In the meanwhile, and until 1902, the rule as to the competency of witnesses in criminal prosecutions remained as established by the act of 1805. By Act 185 (page 355) of 1902, however, as amended and re-enacted by Act 41 (page 77) of 1904, it is declared that:

"The competent witness in all criminal matters shall be a person of proper understanding."

The act also contains certain special provisions in regard to husbands and wives and in regard to defendants in criminal prosecutions when appearing as witnesses for themselves. Notwithstanding, therefore, that a witness may be hired to convict a defendant in a criminal case, and that his pay and livelihood may depend upon his giving such evidence as will secure the conviction, he is, under our law, a competent witness, and the same rule obtains elsewhere, as will appear from the following excerpt from the able article, entitled "Witnesses," by Mr. Joseph Walker Magrath, in 40 Cyc. p. 2256, to wit:

"The common-law doctrine of incompetency, arising from interest, has been stated in outline merely, without any attempt to give a complete treatment, for the reason that it is of no practical importance at the present time, as in England, Canada, and every state and territory of the United States, except Porto Rico, the common-law rule has been abrogated by statute. The modern statutory rule is that parties to, and persons interested in the event of, a civil action are perfectly competent witnesses therein, notwithstanding their interest, and the same rule applies in criminal proceedings, even defendant on trial being allowed to testify in his own behalf if he so desires, and the abrogation of the common-law rule is universally recognized in the decisions of the courts."

Certain exceptions are then mentioned, which, having no application here, need not be specified. There are, however, other well-recognized rules or principles which are to be considered in connection with the rule above stated, to wit: The interest of a witness may affect his credibility, and a litigant has the right to impeach the veracity of an adverse witness. The author above quoted says:

"Where a witness, although not a party, is interested in the result, this goes to his credibility. * * * Witnesses who have been hired by the party for whom they testify to procure evidence or work up the case are interested, and their testimony should be carefully scrutinized; and the same is true of a witness in a criminal case who will be entitled to a reward for discovering a criminal, in the event of a conviction. * * * So also, in a criminal prosecution, the testimony of detectives and police officers should be cautiously scrutinized in connection with all the circumstances proven." 40 Cyc. 2654.

"It is the right of a party to introduce evidence directly attacking the credibility of a witness for his adversary, unless the testimony of such witness is entirely immaterial or irrelevant to the issue. * * * As a general rule, every witness is subject to impeachment. * * *" Id. 2557, 2558.

In State v. Spencer, 45 La. Ann. 1, 12 South. 135, it was asserted that defendant had been denied the right to lay the foundation for the impeachment of a state witness who had been called to the stand, for the first time, for the rebuttal of testimony adduced by defendant, and it was said by this court:

"It is intimated that the state, having cut off the defendant from impeaching this witness in the beginning of the trial because she had not then testified and because it was then premature, afterward cut him off from doing so because it was too late. Were this true, defendant would have very good ground of complaint, for a defendant is entitled, at some period of the trial, to discredit all witnesses brought against him; but we do not understand the state to have objected on the ground of the time at which the impeachment was sought to be made. * * *"

In State v. Kinchen, 126 La. 50, 52 South. 189, it was said:

"We cannot approve a ruling which would in every criminal case leave it discretionary with the trial judge to refuse to permit the accused to impeach the witnesses for the prosecution called to rebut the evidence adduced on behalf of the defendant."

It is quite true that the question of the credibility of a witness is one the decision of which is within the province of a jury, or where, as in this case, there was no jury, of the trial judge, and that this court is with-

out jurisdiction to review such decision. The matter that we are here considering, however, is whether the defendant was afforded the opportunity, to which he was entitled, to impeach the character, for veracity, of the state witnesses, and, by showing that it was bad, influence the decision of the question of their credibility and of the ultimate question of his own guilt or innocence of the offense with which he is charged. That he had the legal right to make such showing is beyond dispute, but that right was of no use to him, if he was denied the opportunity to exercise it; and it is clear that he could not have been prepared, and hence could have found no opportunity for its exercise with respect to witnesses of whom he had never heard until they were produced in court at the moment of the trial.

It is true also that whilst, at common law, a defendant in a criminal prosecution was not entitled to have a list of the names of state witnesses served upon him, and whilst that right was, in England, conferred by the statute of Anne, and has been conferred by statutes, in many of our states, it has been "ex industria" omitted from section 992 of the Revised Statutes of Louisiana, which requires only that an accused person shall have a copy of the indictment and of the list of the jury, who are to pass on his trial, delivered to him. Marr's Cr. Jur. of La. p. 712; State v. Kane, 36 La. Ann. 155, and other authorities there cited.

It is further true that this court has frequently decided that:

"The trial judge has large discretion in granting continuances, which will not be interfered with, unless for good cause."

The present situation is therefore not free from difficulty, since it may be argued, and the learned trial judge, no doubt, thought so, that if, on the one hand, the state is not obliged to furnish the defendant with the names of its witnesses, and does not furnish them, and, on the other hand, the defendant is entitled to an opportunity to impeach such witnesses, the administration of justice may, in every case, be obstructed by a demand for a continuance in order that such opportunity may be afforded. That difficulty may, however, be obviated, in part, by the state's furnishing the names of the witnesses, as is done in many other jurisdictions, though, since a defendant cannot, under our law, demand it, as a right, he would not be entitled to a continuance merely for the reason that the names are not furnished; and, for the rest, we do not hold that, in every case that may be presented, the right of a defendant to attack the character of the state witnesses is to be held paramount to all other considerations, but confine the ruling here made to the case before us, and hold that in view of the facts recited in the bill of exception, to wit, that the sole witnesses relied on to convict the defendant were strangers in the community, of whom the defendant had never heard until the day of the trial, when it was shown that they were employed to convict, and were to be paid only in the event of conviction, the continuance prayed for should have been granted.

It is therefore ordered and adjudged that the conviction and sentence appealed from be set aside, and this case remanded to the district court, to be there proceeded with according to law and to the views herein expressed.

LAND, J., concurs in the decree.