(110 So. 642)

No. 28160.

## STATE v. DISON.

(Nov. 2, 1926. Rehearing Denied Nov. 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⟜301—Accused should have withdrawn plea of not guilty before moving for bill of particulars.**

Accused, after pleading not guilty, should have withdrawn plea before filing motion for bill of particulars, in which case application would be addressed to sound discretion of court and subject to review only in event of abuse of discretion.

2. **Criminal law ⟜301—Withdrawal of formal plea is not matter of right.**

Withdrawal of formal plea to an indictment or information is not a matter of right.

3. **Indictment and information ⟜121(2)— State cannot be compelled, in prosecution for selling liquor, to give names of witnesses or buyer.**

On indictment for selling intoxicating liquor for beverage purposes, the state cannot, in advance of trial, be compelled to give names of witnesses or name of party to whom liquor was sold.

4. **Criminal law ⟜596(3)—Continuance after close of state's case for witnesses to impeach character of state's witnesses held properly denied.**

In prosecution for selling liquor for beverage purposes, continuance after state had closed its case to enable defendant to produce witnesses to testify to character and reputation of state's witnesses *held* properly denied, it appearing that witnesses on whom state relied were known to defendant.

5. **Witnesses ⟜345(2)—In prosecution for selling liquor, cross-examining defendant's witness as to whether he was under similar charge held proper.**

In prosecution for selling intoxicating liquor for beverage purposes, permitting district attorney to cross-examine defendant's witness as to whether or not witness was himself under charge of selling liquor *held* proper.

6. **Criminal law ⟜1178—Bills of exception not urged in brief or argument will be considered abandoned.**

Bills of exception which were not urged either in brief or in argument will be considered as abandoned.

Appeal from Third Judicial District Court, Parish of Union; S. D. Pearce, Judge.

Dude Dison was convicted of selling intoxicating liquor for beverage purposes, and he appeals. Affirmed.

S. L. Digby and J. W. Elder, both of Farmerville, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Wm. J. Hammon, Dist. Atty., of Jonesboro (Herbert Dawkins, of Farmerville, and E. R. Schowalter, of New Orleans, of counsel), for the State.

BRUNOT, J. This appeal was taken from a conviction and sentence for selling intoxicating liquor for beverage purposes.

There are five bills of exception in the record, but only bills Nos. 1, 2, and 3 are urged by counsel for appellant, in brief and in argument, as reasons for a reversal of the judgment.

[1] The accused was arraigned, pleaded not guilty, and the case was assigned for trial. Thereafter appellant filed a motion for a bill of particulars. The district attorney objected to the filing of the motion for the reason that issue had been joined and defendant's plea to the charge had not been withdrawn, and therefore the motion was made too late. The court sustained the objection, and from this ruling bill No. 1 was reserved. In this case, defendant did not ask to withdraw his plea in order that he might file his motion for a bill of particulars. In the case of State v. Foster, 150 La. 975, 91 So. 413, this court said:

"While we are not impressed that the evidence thus offered shows that the indictment should be quashed, yet the matter properly comes before us on the refusal of the trial judge to permit the withdrawal of the plea of not guilty so as to afford defendant an opportunity to file the motion to quash. The withdrawal of the plea for such a purpose rests within the discretion of the trial judge, and the exercise of that discretion will not be interfered with save where it has been clearly abused. State v. Gregg, 123 La. 610, 49 So. 211; State v. Boudreaux, 137 La. 227, 68 So.

422; State v. Sandiford * * * 149 La. 933, 90 So. 261."

[2, 3] It is seen that appellant should have withdrawn his plea before filing the motion for a bill of particulars, and, if he had applied to the court for permission to do so, his application would have been addressed to the sound discretion of the court and subject to review only in the event of an abuse of that discretion. It must be remembered that the withdrawal of a formal plea to an indictment or information is not a matter of right. State v. Gunn, 147 La. 373, 85 So. 44. Moreover, in an indictment for selling intoxicating liquor for beverage purposes, the state cannot, in advance of the trial, be compelled to give the names of the state's witnesses or the name of the party to whom the liquor was sold. This is the information the defendant sought to obtain. On the trial, the defendant must be confronted with the witnesses against him, and he must have full opportunity to cross-examine them and, when the state closes its case, to rebut the proof offered on the part of the state. To these rights he is entitled under the law, and, where the court accords these rights to him, he cannot complain.

Bill No. 2 was reserved to a ruling of the court denying the defendant a continuance of the case.

[4] After the state had closed its case, defendant moved the court for a continuance for the purpose of enabling defendant to produce witnesses who would testify to the character and reputation of the state's witnesses for truth and veracity. This motion was overruled, and properly so. In overruling the motion, the trial judge said:

"The court overruled this motion for a continuance for the reason that it presented no sufficient ground for a continuance, either in law or equity. It was without even the slightest appeal to the court's discretion as an equitable proposition. As a legal proposition, it is wholly untenable and without warrant in law."

Defendant does not allege that he was taken by surprise or that anything was developed that he might not, with reasonable diligence, have foreseen. Appellant relies on the doctrine announced in State v. Mines, 137 La. 489, 68 So. 837. Let us quote the following from State v. Hebert, 160 La. 320, 107 So. 124.

"The rule announced in State v. Mines, supra, affords protection to a defendant accused of the offense of selling intoxicating liquor for beverage purposes, when the district attorney refuses to divulge the name or identity of the so-called prosecuting witness until he is called to the witness stand. It might be better practice, more economical in the administration of justice, and perhaps fairer in some instances, for the district attorney to let the defendant know the name of the so-called prosecuting witness before the trial, rather than to give him the right to interrupt the trial by demanding a continuance when the witness is called to the stand; but that is a matter for the district attorneys and district judges to consider. The defendant did not ask for a continuance when the name and identity of the so-called prosecuting witness was divulged in this case; and it is too well settled by the jurisprudence to be reconsidered now that the district attorney could not be compelled to divulge the name or identity of the so-called prosecuting witness before the trial."

In this case, the witnesses upon whose testimony the state relied were known to the defendant; they had appeared as state witnesses in a number of cases. They had been employed to ferret out and to bring to trial violators of what is known as the Hood Act (Act No. 39 of 1921 [Ex. Sess.]). Even under the cases cited by defendant, the bill we are now considering must fall.

[5] Bill No. 3 was reserved to a ruling of the court permitting the district attorney, on cross-examination, to ask the defendant's witness C. W. Tilman, who had testified for the defendant, whether or not the witness was then himself under a charge of selling intoxicating liquor.

[6] Counsel argues that this was an effort to prejudice the court against the witness.

We can see nothing in this objection, and the ruling of the court was correct. The other bills reserved are not urged, either in brief or in the argument, and we therefore consider them as abandoned.

For these reasons, the verdict and sentence appealed from are affirmed.