State vs. Atkinson.

No. 13,774.

## STATE OF LOUISIANA VS. HENRY ATKINSON.

### SYLLABUS.

There was no impropriety in receiving the verdict of the jury when they were ready to present it on the morning of Thanksgiving day, as it had not been possible for them to deliberate on the case and find a verdict in the short time they had before the adjournment of the court the day previous.

The judge, with the other officers of the court, met the jury, received the verdict, and adjourned the court to the next day. These were lawful acts which did not prejudice the defendant.

As relates to the absence of his counsel, the polling of the jury (not ordered on that account, as averred,) is not cause to set aside the proceedings. The court must presume that the finding was, as it appears of record, that of the whole jury. No motion was made to poll the jury, whether owing to the absence of the counsel or not can, under the circumstances, be of no conse· quence. The failure of the defendant to avail himself of the right cannot present a ground upon which he can obtain relief.

The judge, in the presence of the accused and his counsel, had notified the jury that he would return and open court and receive their verdict if they found the verdict on a *dies non.* ⸴By the notice, the defendant was left without cause to complain.

APPEAL from the Sixteenth Judicial District, Parish of St. Landry —*Lewis, J.*

*Walter Guion,* Attorney General, and *R. Lee Garland,* District Attorney (*Lewis Guion,* of counsel) for Plaintiff, Appellee.

*C. F. Garland* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. On the 24th day of October, 1900, a true bill was found against the defendant for murder. On the 28th of November, following, he was put on his trial. The evidence was heard, the counsel argued, and the judge charged the jury that day, and the jury retired to the chamber of deliberation. Near the hour of 12 o'clock P. M. they had not agreed upon a verdict. They were conducted, by order of the presiding judge, into the court room, and he, after proper inquiry, was informed that they had not agreed upon a verdict. He gave proper instructions for their remaining together during the night, and his

instructions to them were that if they agreed upon a verdict during the night, the next morning to notify him by ringing the courthouse bell; that he would return, open court, and hear their verdict. After these instructions had been given, he adjourned the court to November 30th.

The next morning, however, at half-past nine, the bell was rung. The minutes show that after the ringing of the bell, the presiding judge delayed opening court until ten o'clock, as neither the district attorney nor the attorney for the defendant had appeared. In their absence, the court was opened for the exclusive purpose of hearing the verdict; the prisoner was brought into court, and the jury rendered their verdict, "guilty of manslaughter." He was, on a subsequent day, sentenced to imprisonment in the penitentiary for the term of ten years. From the verdict and sentence defendant prosecutes this appeal.

His counsel urges, on his behalf, that the verdict rendered against him was found on Thursday, November 29th, 1900, Thanksgiving day, a *dies non*. The defendant insists that the return of the verdict and the action of the court were judicial acts which could not be performed on the day before mentioned, and were, in consequence, null. The defendant now urges as error the fact that his counsel was absent when the jury came into court and handed in their verdict, and that he was, in consequence, denied the right to have the jury polled. The judge of the District Court passed upon these objections and overruled them.

We take up for review the grounds urged on appeal, the first being that the jury's verdict and the proceedings in court on a legal holiday were illegal and void. The question is not of first impression in this State. It has been decided in two different appeals. In the first decision in the order of date, it is true that the record shows that the verdict was received before midnight, but it was ordered to be recorded a few moments after that hour. The court, in that case, approvingly quotes from Bishop as follows: "Though Sunday is a *dies non juridicus,* wherein no judicial act is valid, but ministerial acts are, a verdict received on Sunday is good, yet not a judgment on a verdict." State vs. Ford, 37th Ann. 466.

The question was again considered in State vs. Canty, 41st Ann. 587, and the court tersely said, through Mr. Justice McEnery: "There was no judgment entered on the verdict on that day. The receiving of the verdict was only a ministerial act." True, the Lord's day is not a day for legal proceedings; it has always been held *Dies Dominicus non est dies juridicus.* Yet it has been decided in a number of jurisdictions that

the mere ministerial act of entering a verdict may be performed on Sunday, and the jury may be discharged and the court adjourned.

An interesting decision is published upon the subject in the 7th Vol. L. R. A., p. 327. The court holds in the cited case that it is carrying out the purpose of the Sabbath in receiving the verdict of the jury and permitting the jurors to return to their homes, and, if they choose, to attend divine service. We quote from the decision: "There is now very little conflict in the courts of this country upon this question. The great and decided weight of authority is in favor of receiving verdicts on Sunday."

The defendant, through his counsel, complains of the adjournment as made, that is from the 28th to 30th of the same month, and that in consequence of this, his counsel, thinking that the verdict could not be returned before the date last mentioned, was absent on the 29th, and when the verdict was entered, he, defendant, was deprived of his legal right to have the jury polled.

In view of the fact that in the presence of the accused and of his counsel also, the trial judge announced that he would receive the verdict on Thanksgiving day, the defendant is left with scant ground for complaint. The defendant was present when the verdict was returned. We do not think that we should assume that the verdict rendered was not the unanimous verdict of the jury.

The facts upon which we have grounded our opinion, in so far as it was necessary to consult the facts on this point, are all made evident by the minutes of the court, and for the purpose of determining the question, we have deemed proper to consider them before the court. But counsel's absence is not established as required, nor does it appear in the minutes he was absent. But granted that counsel was absent, as doubtless he was, we do not find ground in that one fact for setting aside the proceedings. The defendant may ask that the jury be polled, and the right is not to be denied when he chooses to avail himself of it, but the absence of counsel cannot be taken as good ground to sustain the position that if he had been present he would have made the request of the court. We do not think that, on this score, defendant presents a question of judicial error entitling him to relief.

We are not of the opinion that any of the acts performed and of which defendant complains were judicial acts, as they consist of the oral rendition of the verdict by the foreman of the jury, the entering of the verdict, and the adjourning of the court to the next day, to which the court had already been adjourned.

Having reviewed all the grounds presented by the defendant in his defence, and not having found that the proceedings affected defendant injuriously, it only remains for us to affirm the verdict.

It is therefore ordered, adjudged and decreed that the verdict, sentence and judgment appealed from are affirmed.