State vs. Colomb, alias Robert.

## No. 14,508.

STATE OF LOUISIANA VS. COLOMB, ALIAS VALERY ROBERT.

| 108 253
| f118 695

### SYLLABUS.

1. The charge in an indictment of shooting with a dangerous weapon, includes the subordinate act of assault with a dangerous weapon.
2. This court has no jurisdiction to review questions of fact in criminal cases.
3. Error, to form the basis of a motion in arrest, must be patent on the face of the record.
4. The court is not compelled to poll the jury unless requested.

APPEAL from the Nineteenth Judicial District, Parish of St. Martin—*Foster, J.*

*Walter Guion,* Attorney General and *Anthony N. Muller,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Edward Simon,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. The defendant was charged with shooting one Lizzie Lewis with a dangerous weapon with intent to murder. He was tried, found guilty, and sentenced to ten years hard labor.

The defendant, in due time, moved to quash, on the ground that the indictment did not set forth that the defendant had committed an assault with a dangerous weapon.

An easy answer to defendant's contention suggests itself by reference to the fact that the defendant was charged as follows: "With and by means of a dangerous weapon, to-wit, a pistol, did shoot one Lizzie Lewis," as shown by this excerpt from the indictment. This was substantially in accordance with the requirements of the statute. The charge that the defendant had committed the act of shooting with

a dangerous weapon, includes the subordinate act of assault with a dangerous weapon. It has been repeatedly held, with reference to this crime, that the greater includes the less.

It is not essential to charge minor offenses when they are unavoidably included in the charge. State vs. Reese, 49 Ann. 1337.

The defendant filed a motion for a new trial, which was overruled and a bill was reserved. This motion presents exclusively matters of fact which went before the jury and were passed upon by that body.

The defendant, through counsel, as relates to this bill says, that the jury returned a verdict of guilty with intent to murder; that the evidence refutes the charge. We will not disturb the verdict of a jury on a question of fact. On appeal from the verdict of a jury and the sentence of the District Court, the Supreme Court is not vested with authority to review the facts. State vs. Scanlan, 52 Ann. 2058.

The question of "intent," that is, whether the defendant committed the act with or without "intent" to murder was one as presented exclusively of fact, and when decided, as in this case, there is nothing left for the determination of this court.

In his motion in arrest of judgment, the defendant complained on a number of grounds, not one of which affords good reason to arrest the judgment. It is settled by repeated decisions that error, upon which a motion in arrest of judgment is grounded, must appear on the face of the record. The face of the record does not disclose that any reversible error was committed.

We, none the less, will say regarding the complaint made in this motion in arrest, that, in our view, if, as defendant urges, the jury was not polled, it suffices that it does not appear that the defendant requested the court to order the jury polled.

We are informed by the *per curiam* in the bill of exceptions that nine of the jurors answered that the finding endorsed on the indictment was their verdict, and that three had not agreed to the verdict. The objection that the names of those who had agreed to the verdict and those who disagreed does not appear in the minutes, is not supported by any requirement of practice or law.

As relates to the law, the defendant, in our view, has no cause to complain, and it, therefore, only remains for us to affirm the verdict and sentence.

For reasons assigned, the judgment appealed from is affirmed.