(66 South. 767)

No. 20771.

STATE v. BULLOCK et al.

In re BULLOCK et al.

(Nov. 16, 1914. Rehearing Denied Dec. 14, 1914.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ☞996—MINUTES OF PROCEEDINGS — CORRECTION — PRESENCE OF ACCUSED.

Where, in a criminal case, the minutes of one day's proceedings, as originally written, fail to show the presence of the accused in open court, and they are corrected by order of the judge before being signed in order to show that accused were present, that being the truth, the correction was competent and the accused have no good ground of complaint.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1483, 2529, 2544–2546; Dec. Dig. ☞996.]

On the Merits.

2. CRIMINAL LAW ☞854 — MISCONDUCT OF JURY—"SEPARATION"—WHAT CONSTITUTES.

Alleged separation and misconduct on the part of jurors during the trial of a cause must be clearly shown. There is no separation when a juror walks into a corridor for a short distance, if he is still in sight of the deputy in charge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2039–2047; Dec. Dig. ☞854.

For other definitions, see Words and Phrases, First and Second Series, Separation of Jury.]

3. CRIMINAL LAW ☞855 — MISCONDUCT OF JURORS—GROUND FOR SETTING ASIDE VERDICT.

It is not misconduct sufficient to set aside the verdict if some of the jurors played a game of cards in their room before the case was submitted to them for consideration.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2048–2053; Dec. Dig. ☞855.]

4. WITNESSES ☞68—COMPETENCY — DEPUTY IN CHARGE OF JURY.

A deputy in charge of a jury may be called as a witness for the state on the trial of a case.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 183; Dec. Dig. ☞68.]

5. CRIMINAL LAW ☞957—IMPEACHMENT OF VERDICT—JURORS—COMPETENCY AS WITNESS.

Jurors may be examined to show that they were not guilty of the misconduct charged against them.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2392–2395; Dec. Dig. ☞957.]

6. CRIMINAL LAW ☞1030—APPEAL — PRESENTATION BELOW—NECESSITY.

Errors assigned in the Supreme Court will not serve as a basis for reversing the verdict and sentence appealed from where the alleged errors might have been corrected in the trial court, if they existed, on motion of defendant; and where the alleged errors are based on the failure of the minute clerk to record those things done by the judge during the trial in the discharge of the routine of his official business.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2619–2621, 2632, 2653; Dec. Dig. ☞1030.]

Appeal from Second Judicial District Court, Parish of Webster; J. N. Sandlin, Judge.

Billy Bullock was convicted of murder and George Bullock of manslaughter, and they appeal. Affirmed.

L. K. Watkins, W. R. Percy, and H. C. Drew, all of Minden, for appellants. R. G. Pleasant, Atty. Gen., and Thomas W. Robertson, Dist. Atty., of Minden (G. A. Gondran, of New Orleans, of counsel), for the State.

On Motion to Dismiss.

MONROE, C. J. [1] Relators, who are prosecuting this appeal from sentences for a criminal offense, complained that the minutes of the district court as they appear in the transcript show that they were present in open court on June 26th (the second day of the trial), but that as originally written they failed to make that showing, and they obtained an order for certiorari and alternative mandamus directing the clerk to send up a copy of the minutes, as originally written, and show cause why the corrected edition, as appearing in the transcript, should not be stricken out. The clerk makes return to the effect that defendants were actually present in open court upon the occasion mentioned and that the minutes, as originally

written, were corrected by order of court before being signed in order to show that fact, which return is unchallenged and meets all the requirements of the case; the correction of the minutes, under the circumstances and for the purpose stated by the clerk, having been entirely competent and affording defendants no ground for complaint.

It is, therefore, ordered that the relator's prayer that the alternative mandamus be made peremptory, be denied, and that this proceeding be dismissed.

### On the Merits.

SOMMERVILLE, J. Defendants were charged with murder. Billy Bullock was found guilty, and sentenced to the penitentiary for life; George Bullock was found guilty of manslaughter, and sentenced to the penitentiary for three years. They appeal.

The first bill of exceptions was without merit, and it appears to have been abandoned.

It is stated in the second bill of exceptions that evidence was improperly admitted of a second shooting between the defendants and a third person. The trial judge says, in explanation of the admission of the evidence, that:

"This second shooting occurred just after the shooting of Wilford Roberts (the deceased), in the same field, and whilst they (the defendants) were running from the scene of the first shooting; and it was allowed to rebut the statement of the defendants that only William Bullock (one of the defendants) had a pistol. The evidence showed that both (defendants) had pistols, and fired at him, Jesse Roberts (the brother of the deceased). The defendants admit that they both fired, but claimed that they used the same pistol."

The evidence was clearly admissible for the purpose stated by the trial judge.

[2, 3] The third bill of exceptions was taken to the denial of a motion for a new trial based on the separation and misconduct of the jury, and upon the fact that the deputy sheriff in charge of the jury had assisted in the selection of the jury, and that he was a witness for the state, and, further, that he was related by blood to one of the prosecutors.

The evidence in support of the motion for a new trial is not before us; but the trial judge says that the evidence did not disclose any misconduct on the part of the jurors, or that any prejudice had been done the defendants. Defendants in their bill say that the jurors in retiring to the toilet, outside of the courtroom where they were closeted, were a "short distance down the corridor, but not out of the sight of the deputy sheriff in charge." It is quite clear that there was no separation of the jury sufficient to work injury or prejudice to the defendants. The misconduct charged to the jurors was that of playing a game of cards with the deputy in charge after the jurors had been retired to their room for the night, but before the case had been argued and submitted to them for their consideration. We agree with the trial judge that no prejudice was shown to have been done the defendants by such act.

[4] Defendants next complain that the deputy sheriff in charge of the jury was a witness for the state, and that he was related to one of the prosecutors. The objection comes too late on a motion for a new trial. State v. Oteri, 128 La. 939, 55 South. 582, Ann. Cas. 1912C, 878. A verdict will not be reversed because the officer who attended the jury happened to be called as a witness for the prosecution.

[5] The last bill of exceptions was taken to the ruling of the court in permitting some of the jurors sworn on the part of the state to testify that there had been no misconduct on their part, and that the deputy sheriff in charge of them had not said or done anything to the prejudice of defendants.

It was entirely competent for the court to examine the jurors, or some of them. While jurors may not be heard to impeach their

verdict, there is no good ground for refusing to hear them deny alleged misconduct on their part or on the part of the deputy sheriff in charge of them.

Defendants in this court assign as errors on the face of the record that:

"The record does not set forth and show on its face that the jurors responded to the verdict or were polled, and does not show, and fails to show, that the verdict of the jury was recorded and read as recorded to the jury, or that they answered to it or were called on to do so."

The minutes of the court show that the jury brought in a verdict and that it was recorded there. They do not show that the jury was polled, and the presumption is it was not. But, where defendants fail to ask that the jury be polled, they cannot be heard to complain of its not having been done. It is only in case where a poll of the jurors is demanded by either party that the minutes should show the answers of the jurors to the question, "Is that your verdict?" State v. Cheney, Man. Unrep. Cas. 394.

[6] The other matters complained of as being missing from the minutes will be presumed to have taken place. They are not material facts connected with the defense or the trial. There is not claimed any forfeiture of individual rights. It will be presumed that the judge proceeded regularly with the trial of the cause and that he had the written verdict read to the jury, in the absence of any positive showing that he did not. It was the duty of the clerk of court to make minute entries of all the proceedings during the trial; but his failure to do his ministerial duty is not sufficient cause to hold that the judge failed in his duty in the routine of official business, and to reverse a solemn verdict and sentence.

Defendants had opportunities to call the attention of the court at the time, or in motions for a new trial and in arrest of judgment, to any irregularities prejudicial to them, and they did not do so. It is too late to assign in this court as errors those things which might have been remedied in the trial court, if such errors existed. It will be presumed under the circumstances that the errors assigned did not exist.

Judgment affirmed.