The judgment appealed from is therefore affirmed.

---

(102 So. 186)

#### No. 26831.

### STATE v. FERNANDEZ et al.

(Nov. 3, 1924. Rehearing Denied Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⊂⇒422(1)—Statements of one of several participants admissible as res gestæ.**

Where several defendants participated in conspiracy to commit robbery, statements of one of such conspirators are not hearsay, but admissible as part of res gestæ.

2. **Criminal law ⊂⇒423(1)—Declarations by conspirators, made during existence of conspiracy, admissible against associates.**

The declarations of one of participants in crime, made during existence of conspiracy, and in furtherance thereof, are admissible against his associates, when conspiracy is established.

3. **Criminal law ⊂⇒427(3)—Order of proof as to conspiracy discretionary with court.**

The order of proof to show conspiracy to commit crime is discretionary with trial judge, and declarations may be received at any time during trial.

4. **Criminal law ⊂⇒1144(14)—Charges presumed correct in absence of bill of exceptions thereto.**

Where charge is not in record, and there is no bill of exceptions thereto, it must be presumed that court properly charged the jury as to consideration of testimony.

5. **Criminal law ⊂⇒730(6)—Irrelevant remarks of prosecuting attorney harmless, where jury instructed to ignore them.**

In prosecution for conspiracy to commit a robbery and for robbery, irrelevant remark of prosecuting attorney, which jury was instructed to disregard, *held* harmless.

6. **Witnesses ⊂⇒291—Exclusion of question on recross-examination not error, where no new matter brought out on redirect, and evidence without dispute.**

Exclusion of recross-examination of state's witness by defendant *held* not error, where no new matter was brought out on redirect, and matter sought to be inquired into was not disputed.

7. **Witnesses ⊂⇒291—Exclusion on recross-examination of irrelevant question, answered on cross-examination, no error.**

Refusal to permit questioning of state's witness after redirect examination *held* not error, where bill did not show relevancy, and questions had been answered on cross-examination.

8. **Witnesses ⊂⇒291—Ordinarily a recross-examination after redirect not allowed.**

Ordinarily defendant must exhaust his cross-examination of witness, when it is entered into, and a recross-examination after redirect will not be allowed as of right.

9. Criminal law ☞1153(4)—Witnesses ☞ 291—Allowance of recross-examination discretionary with trial court, whose ruling will not be disturbed, except for abuse.

The allowance of recross-examination after redirect rests in discretion of trial court, whose ruling will not be disturbed, unless an abuse of discretion is shown.

10. Criminal law ☞1170½(1)—Allowance of leading question not reversible, unless prejudice resulted.

Allowance of leading question is not reversible, unless accused has been prejudiced thereby.

11. Criminal law ☞1120(6)—No reversal for exclusion of testimony, where bill does not show injury resulted.

Refusal to permit answer, whether prosecuting witness could see or hear another witness from where he was, is not reversible, where bill did not show relevancy of testimony, rendering it impossible to determine whether injury resulted.

12. Criminal law ☞1120(4)—Exclusion of impeaching testimony not reviewable, where bill does not set out testimony sought to be impeached.

Where bill does not show testimony of witness sought to be impeached, appellate court cannot say that court erred in excluding impeaching testimony.

13. Witnesses ☞360, 410—Evidence held admissible to rebut impeaching testimony, and support testimony of impeaching witness.

In prosecution for conspiracy to commit robbery and for robbery, where defendants' witness had testified that prosecuting witness tried to induce him to swear falsely against defendants, testimony of another witness on rebuttal, tending to impeach defendant's witness and support testimony of prosecuting witness, was admissible.

14. Criminal law ☞665(4)—Permitting witness under rule to testify discretionary with court.

Permitting witness put under rule to testify, after remaining in courtroom, was not error, being matter within discretion of trial court.

15. Criminal law ☞1136—Error affecting acquitted defendant not ground for complaint by codefendants.

Bills of exceptions relating solely to testimony of acquitted defendant are not available on appeal by convicted defendants.

16. Criminal law ☞1159(2)—Appellate court will not review facts to determine whether evidence sustains verdict.

Appellate court cannot review facts affecting guilt or innocence of accused to determine whether verdict was sustained by evidence.

17. Criminal law ☞874—Polling of jury not required, unless requested.

The law does not require jury to be polled, unless demanded by one of the parties.

18. Criminal law ☞660, 894—Failure to request polling of jury waiver thereof.

Defendant cannot complain that verdict was returned in open court, without presence of his attorney or without opportunity to poll jury, where no request that jury be polled was made.

19. Conspiracy ☞43(5)—Information charging conspiracy to rob and actual robbery held to show overt act.

An information charging defendants with conspiracy to rob in one count, and with actual robbery in another, held to charge commission of overt act; such robbery constituting an overt act in furtherance of alleged conspiracy.

20. Conspiracy ☞28—Conspiracy to commit robbery complete offense.

Conspiracy to commit robbery is in itself a complete offense. Extra Act No. 8 of Sess. 1870, § 5.

21. Indictment and information ☞121(2)—Bill of particulars, demanding place and circumstances surrounding crime, held properly refused.

In prosecution for conspiracy to commit robbery and for robbery, defendant's request for bill of particulars, demanding to know place and circumstances surrounding conspiracy, and under which robbery took place, held properly denied.

Appeal from Criminal District Court, Parish of Orleans; N. E. Humphrey, Judge.

Joseph Fernandez and John McGinnis were convicted of conspiracy to commit robbery, and of robbery, and they appeal. Affirmed.

Maurice R. Woulfe and Rousseau Voorhies, both of New Orleans, for appellants.

J. Q. Flynn, of New Orleans, for appellant John McGinnis.

Percy Saint, Atty. Gen., and Robert H. Marr, Dist. Atty., and T. V. Craven, Asst.

Dist. Atty., both of New Orleans (Percy T. Ogden, Asst. Atty. Gen., of counsel), for the State.

By the WHOLE COURT.

LAND, J. The defendants Fernandez and McGinnis are charged in separate counts of the information with conspiracy with John Donovan, Alcee Beucler, and James Bradley, alias Edwards, to commit robbery upon one Al Pilsbury, and with the robbery of Pilsbury of certain valuables and of $1,900 in currency.

The codefendants Donovan and Bradley, alias Edwards, have not been tried under said information, as they are at large; their bonds having been forfeited.

The defendant Beucler, tried jointly with the defendants Fernandez and McGinnis, was acquitted, and the latter defendants were found guilty, as charged on both counts in the information.

They have appealed from the conviction and sentence against them, and present to this court for review 14 bills of exception.

Bill of Exception No. 1.

[1-3] The prosecuting witness Al Pilsbury related to the jury the manner in which he had been robbed, and repeated the statements made by Edwards to Donovan, "Frisk him; see if he has got more money," and "Lets bump this fellow off; he knows us." The witness stated also to the jury that Donovan refused, and said "No."

This testimony was objected to by defendants as hearsay evidence, and as statements made out of their presence, and not connecting them with the conspiracy. The prosecuting witness was describing to the jury the robbery as it had taken place, and detailing the statements made at the time by the actual participants, Donovan and Edwards, who are charged in the information as coconspirators with defendants Fernandez and McGinnis. This testimony was not hearsay, but clearly formed a part of the res gestæ. Moreover, the declarations of one of the participants in a crime, when made during the existence of the conspiracy and in furtherance thereof are admissible against his associates, when once the conspiracy or combination is established. However, where conspiracy is charged, the order of proof is discretionary with the trial judge, especially where establishing the conspiracy is dependent upon a number of facts and circumstances from which the conspiracy is to be inferred; and evidence of acts and declarations may be received at any time during the trial, dependent, finally, for effect as evidence, under the charge of the judge, on the conspiracy being established vel non to the satisfaction of the jury, and the connection therewith of the accused sought to be bound by the acts and declarations of his codefendant. State v. Swindall, 129 La. 760, 56 So. 702; State v. Gebbia, 121 La. 1083, 47 So. 32; State v. Bolden, 109 La. 484, 33 So. 571; State v. Barrett, 117 La. 1086, 42 So. 513.

The trial judge, as shown by the bill of exceptions, overruled the objection of counsel for defendant to this testimony, with the statement to the jury:

"That, in order for that to be binding on the accused, the state must connect these accused with the conspiracy."

[4] The judge's charge is not in the record but, in the absence of a bill of exceptions to such charge, it must be presumed that he did his duty and charged the jury the law as to the consideration by them of the testimony objected to by defendants. The ruling is correct.

Bill of Exception No. 2.

[5] Al Pilsbury, the prosecuting witness, before testifying to a confession made by the codefendant McGinnis, in the presence of Beucler and Donovan and of several detectives, and while being cross-examined by de-

fendants' counsel, in order to ascertain if said confession had been made freely and voluntarily, was interrogated as follows:

"Q. You did quite a lot of arresting in this case yourself with a gun? A. Yes; I arrested one man with my gun, and that was Donovan. Q. And you carried him over to the detective office? A. Yes."

Objection was made by the state, and sustained on the ground that any violence, if offered to Donovan when arrested, was irrelevant as to McGinnis, so far as the freedom of the latter's confession was concerned. Counsel for defendants was told, however, by the district attorney to go ahead and show any acts of violence he could show; the district attorney remarking at the time:

"I would use acts of violence on a burglar myself."

This remark was objected to, and the court immediately instructed the jury that the statement made by the prosecuting officer had no bearing on the case, and that they must pay no attention to any remarks by counsel on either side. As defendants were indicted for robbery, and not for burglary, the remark was irrelevant, and, as the jury was instructed to ignore it, we fail to see in what way the defendants could have been prejudiced.

The complaint in this bill, that counsel for defendants were not allowed by the court to question this witness, in order to ascertain whether the confession of McGinnis was a voluntary one, is without foundation in fact, as the record shows that counsel for the defense were given full opportunity for this purpose. Trans. pp. 46, 50.

### Bill of Exception No. 3.

[6] The complaint, that the attorneys for the accused were not permitted, while Al Pilsbury, a state witness, was testifying on redirect examination, to ask witness if he admitted that he was charged with having forged labels in violation of the Internal Revenue Laws, is frivolous. Counsel for defense on cross-examination had asked the witness:

"Are you not charged also with the violation of the Revenue Act, for having forged stamps and labels? A. That is the charge in the liquor deal. Q. That is the charge in the federal court now? A. Yes." Trans. p. 65.

On redirect examination, the state's attorney said to the witness:

"The defense attorneys asked you, were you charged with any liquor violation, and you said yes." Trans. p. 68.

Not only was no new matter brought out on redirect examination by the prosecuting officer, but it was not even disputed that such charge was pending against the state witness in the federal court. There was no necessity for further examination of the witness on the subject by counsel for accused.

[7] Defendants also complain in this bill that the court refused to permit the witness to answer the following question:

"You have admitted *under cross-examination* that the money, or part of this money, belonged to you?"

It was objected to, and objection sustained as irrelevant. The bill fails to show the relevancy of the testimony. The lower court held that defendants' attorneys had cross-examined this witness, and turned him back to the state for redirect examination, and that, no new matter having been brought out, the objection was sustained. As the question had been answered on cross-examination by counsel for defendants, it was unnecessary to have the answer repeated.

[8, 9] Ordinarily a party must exhaust his cross-examination of a witness when it is entered into, and a recross-examination after the redirect will not be allowed. But this, like other matters as to the examination of witnesses, rests in the discretion of the trial court, which may allow a recross-examina-

tion, and the action of the court will not be disturbed, unless an abuse of discretion is shown. 40 Cyc. p. 2530 (5); State v. Haab, 105 La. 230, 29 So. 725.

### Bill of Exception No. 4.

[10] Defendant's counsel complain that their objection to the following question, propounded to the witness Martin by counsel for the state as leading, was overruled:

"On the night in question, the night you went with Fernandez down town, where you were to get some whisky, did you have any acids on your person, and did you burn a hole in the rear of your trousers?"

The trial judge in his per curiam to the bill states:

"Counsel for defendants on cross-examination of a previous witness asked the question: 'Didn't Martin on that particular night have a bottle of acid in his pocket for the purpose of testing narcotics, and didn't the bottle break, and the acid burn the seat out of Martin's trousers?' "

"The state put the witness Martin on the stand, in order to rebut the imputation of counsel for defendants, and the question was asked for that purpose, and for no other, and the court admitted it as rebuttal."

"Besides, even granting that the question was leading, to be entitled to relief, defendants must show injury. As a matter of fact, defendants have not even alleged injury, nor was there any shown."

A verdict will not be set aside, because the court has allowed a leading question to be asked, unless the accused has been prejudiced thereby. State v. Coll, 146 La. 598, 83 So. 844.

### Bill of Exception No. 5.

[11] The trial judge in his per curiam states that counsel for defendants endeavored to have the witness Tom Wright answer, whether Pilsbury, a previous witness, could hear or see Wright at the time he was talking to Thompson in Wright's soft drink stand, after the robbery. Pilsbury at that time was said to have been seated in an automobile outside of the soft drink stand, and the conversation was said to have occurred within the soft drink stand between Wright and a man named Thompson, a third person. The bill of exception does not show the relevancy of the testimony, and for this reason, the trial judge sustained the objection to the question propounded by counsel for defendants to the witness Wright, "From where he [Pilsbury] was, could he see or hear you?" as calling for the opinion of the witness.

Where the bill fails to advise this court what bearing the testimony of the witness had upon the case, in the absence of such information, we are not in a position to say that the ruling caused injury, unless injury is shown, and the verdict cannot be set aside. State v. Campbell, 134 La. 829, 64 So. 765; Marr's Crim. Juris., secs. 465, 485.

### Bill of Exception No. 6.

[12] Defendants' counsel propounded the following question to Tom Wright, a witness for the defense, on his direct examination:

"On the day previous to this time we have referred to, when Mr. Pilsbury was in his car, and Tom Thompson was in your place, did, or did not Mr. Martin come to buy some dope from your place?"

The bill does not show the relevancy of the testimony offered, and the trial judge states in his per curiam that this testimony was clearly irrelevant, and had no bearing on the case. Under such circumstances, we cannot say that the defendants were prejudiced by such ruling. While the defendants' counsel do not state in the bill the purpose of the question, yet it is stated by the district attorney that the purpose of the testimony was to impeach Al Pilsbury, a state witness. If we concede this to be true, yet there is no indication in the bill of what Pilsbury had testified, or that such testimony was important. Where the purpose is to impeach a witness, and the question is objected to on the ground that it was irrele-

vant, and the objection is sustained, and there is no indication in the bill of what the witness sought to be impeached had testified to, or that such testimony was important, we cannot say that the judge erred in excluding the testimony offered for the purpose of impeachment, without knowing what was the testimony sought to be impeached or contradicted. State v. Harper, 143 La. 535, 78 So. 845.

#### Bill of Exception No. 7.

[13] The defense had called to the stand a witness named James Nary, who had testified that Al Pilsbury, the chief state witness, had tried to induce him to swear falsely against defendants. Tr. 87. With a view of impeaching Nary's testimony, he was asked on cross-examination in regard to a conversation had between himself and Pilsbury on Sunday following the robbery, in which Nary had made certain statements connecting defendants with the crime. Nary denied the conversation, and had been warned by the state that the purpose of the question was to impeach his testimony. The witness Culligan was called in rebuttal by the state to prove the statements made by Nary implicating defendants. Culligan's testimony was clearly admissible for this purpose, as it tended to show that the testimony of Nary as to Pilsbury's attempt to suborn him was false. There can be no doubt that the state and the defense have each the right to attack the credibility of an adverse witness, and each likewise have the right to meet an attempt to impeach its own witness by evidence in support of his character for veracity. State v. Swindall, 129 La. 760, 56 So. 702.

#### Bill of Exception No. 8.

[14] This bill was reserved to the ruling of the court permitting a witness put under rule to testify after remaining in the court room. The per curiam shows that the court in so doing believed that no harm was done

the defendants in permitting the witness to testify. The state had closed its case and the witness was called in rebuttal. It was a matter within the discretion of the trial judge. State v. High, 122 La. 523, 524, 47 So. 878; State v. Rogers, 138 La. 867, 70 So. 863; State v. Jones, 47 La. Ann. 1532, 18 So. 515.

#### Bills of Exception Nos. 9, 10 and 11.

[15] The defendants have no interest in the correctness or incorrectness of these bills, as they relate solely to testimony affecting the defendant Beucler, who was acquitted.

#### Bill of Exception No. 12.

[16] This bill was reserved to the overruling by the trial judge of a motion for new trial, based on the ground that the verdict was contrary to the law and the evidence; defendants alleging in said motion that there was no evidence connecting them, or either of them, with the conspiracy, or with the robbery. The evidence in the entire case is in the record, but we have repeatedly held that this court is without jurisdiction to review the facts affecting the guilt or innocence of the accused, in order to determine whether the verdict was sustained by the evidence. It is also complained in the motion for a new trial that the verdict of the jury was returned in open court without the presence of the attorney for the defendant Joseph Fernandez and without the attorney for the defendant having an opportunity to poll the jury.

[17] Unless demanded by one of the parties, the law does not require the jury to be polled. State v. Cheney, Mann. Unrep. Cases, 394; State v. Colomb, 108 La. 253, 32 So. 351; State v. Atkinson, 104 La. 570, 29 So. 279; State v. Jackson, 42 La. Ann. 1171, 8 So. 297; State v. Bullock, 136 La. 171, 66 So. 767.

[18] The failure of defendant to avail himself of the right to demand that the jury be

polled shuts him off from the claim for relief, whether such failure was owing to the absence of counsel or not. State v. Atkinson, 104 La. 570, 29 So. 279.

### Bill of Exception No. 13.

[19, 20] A motion in arrest of judgment was filed in the case and overruled. The grounds of this motion are: (1) That the verdict is defective and void, as it was returned in open court without the presence of counsel for Fernandez and without the jury being polled. These objections are not well founded, for the reasons above given in discussing bill of exception No. 12; (2) that the information is defective and void, because it fails to set out any overt act that the defendants, or either one of them, committed in furtherance of the conspiracy. The information charges the defendants with conspiracy to rob Al Pilsbury in one count, and with the actual robbery of him in another count. The robbery charged unquestionably constitutes an overt act in furtherance of the alleged conspiracy to rob. Conspiracy to commit the crime of robbery is, in itself, a complete offense. Act 8, E. S. 1870, p. 49, § 5.

### Bill of Exception No. 14.

[21] The trial judge correctly refused the bill of particulars requested in this case, for the reason that defendants demanded to know the "Place and circumstances surrounding the alleged aforesaid conspiracy" and the "Place and circumstances under which the alleged assault and robbery took place." Had the state been compelled to comply with the request of defendants, the district attorney would have been forced to set out in the answer to the application for a bill of particulars, the entire evidence of the state in the case. This the prosecution cannot be ordered to do. Nor were the defendants entitled to be informed as to the time of day or the time of night the conspiracy

157 LA.—6

and robbery took place. Even in bills of particulars in liquor cases, where considerable detail is required, we have held that the hour of the day at which the sale is thought to have been made cannot be demanded by a defendant. State v. Mines, 137 La. 489, 68 So. 837.

The conviction and sentence appealed from are therefore affirmed.