403 So.2d 65 (1981)
STATE of Louisiana
v.
Aubrey GIVENS.
No. 80-KA-2817.
Supreme Court of Louisiana.
September 2, 1981.
*66 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Lowen B. Loftin, Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Paul H. Kidd, Monroe, for defendant-appellant.
PER CURIAM.
Defendant was charged by bill of information with distribution of marijuana in violation of La.R.S. 40:967. On June 17, 1980, he was tried before a jury of twelve persons. At the close of the case, the jury returned a verdict of not guilty. When polled by the trial court on its own initiative, however, it became apparent that only nine of the twelve jurors had concurred in the verdict. The trial court accordingly refused to accept the verdict and sent the jury back for further deliberation. La.C. Cr.P. Art. 812; cf., La.Const.1974, Art. I, § 17; La.C.Cr.P. Art. 782. The jurors then reported that they were hopelessly deadlocked, and the trial court ordered a mistrial. Counsel thereafter filed a motion to quash the information on grounds that further prosecution would violate defendant's protections against double jeopardy. The motion alleged that because neither the state nor the defense had requested the polling of the jury, trial should have ended with the not guilty verdict, a bar to any subsequent prosecution. On November 5, 1980, after a hearing, the trial court denied the motion. At the proceeding, the state then amended the charge to simple possession of marijuana, a misdemeanor offense. Defendant entered a plea of guilty to the amended information, reserving his right to pursue review of the ruling on the motion to quash. Cf., State v. Crosby, 338 So.2d 584 (La.1976). That same day, the trial court sentenced him to six months in jail and a fine of five hundred dollars. It also placed defendant on active probation for a period of two years. The court suspended execution of this sentence pending review of the ruling on the motion to quash. Defendant has not appealed his conviction and sentence to this Court, reurging his double jeopardy argument and attacking his sentence as illegal.
*67 Defendant was not convicted of a felony; and his fine and term of imprisonment did not exceed five hundred dollars or six months in jail. La.Const.1974, Art. V, § 5(D). The case is therefore not appealable to this Court. Nevertheless, we will consider the appeal as an application for supervisory writs and reach the merits accordingly. Cf., Rule I, § 11, Rules of the Supreme Court of Louisiana; see also, State v. Warner, 369 So.2d 135 (La.1979); State v. Mims, 330 So.2d 905 (La.1976); State v. Romano, 320 So.2d 167 (La.1975); State v. Robertson, 310 So.2d 619 (La.1975).
We do not agree with counsel that defendant had a right to the unlawful verdict. La.C.Cr.P. Art. 812 provides that "[t]he court shall order the clerk to poll the jury if requested by the state or the defendant." The article makes no change in the prior law, see former La.R.S. 15:416, 417, and we have repeatedly held in the past that a trial court has no independent obligation to poll the jury. In the absence of a request by either the state or the defense, the failure of the court to order the jurors polled is therefore not erroneous. State v. Johnson, 171 La. 95, 129 So. 684 (1930); State v. Fernandez, 157 La. 149, 102 So. 186 (1924); State v. Bullock, 136 La. 167, 66 So. 767 (1914); State v. Colomb, 108 La. 253, 32 So. 351 (1902); State v. Atkinson, 104 La. 570, 29 So. 279 (1901).
However, Art. 812 does not expressly prohibit the trial court from ordering the jurors polled on its own accord. La.C.Cr.P. Art. 3 states that "[w]here no procedure is specifically prescribed by this Code or by statute, the court may proceed in a manner consistent with the spirit of the provisions of this Code and other applicable statutory and constitutional provisions." In this case, defendant was initially charged with a felony offense necessarily punishable at hard labor. La.R.S. 40:967(B)(2). La.Const.1974, Art. I, § 17 and La.C.Cr.P. Art. 782 thus called for a jury of twelve persons, ten of whom had to concur to render a lawful verdict. In addition to monitoring the selection of that jury, the trial court was obligated to instruct the jurors with regard to the law of the case, including the requirements for a legal verdict. La.C.Cr.P. Art. 802. The trial court was further obligated to inspect any verdict returned in order to determine whether it was lawful in form and responsive to the bill of information. La.C.Cr.P. Art. 813. We think it clear that the additional inquiry into the legal basis of the verdict, before it was recorded and the jury discharged, was consistent with this duty of the trial court to administer the system of jury trials in Louisiana.
We therefore find no error in the denial of the motion to quash and affirm defendant's conviction accordingly. However, we agree with counsel that the sentence imposed by the trial court is illegal and must be set aside. La.C.Cr.P. Art. 894 authorizes probation in misdemeanor cases when the trial court has suspended the sentence in whole or in part. The article also provides that "[w]hen a suspended sentence in excess of ninety days is imposed, the trial court may also place the defendant on probation under the supervision of the Department of Corrections, division of probation and parole for a period not in excess of two years...." In this case, the trial court's suspension of sentence will operate as a stay only; in the event that this Court affirms defendant's conviction, he will be required to serve his entire sentence. As no part of that sentence has been suspended, the additional two-year probationary period clearly exceeds the trial court's authority under Art. 894.
Accordingly, we affirm defendant's conviction but vacate the sentence imposed and remand the case to the trial court for resentencing in accord with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.