DUFRESNE, Judge.
The defendant and two co-defendants were indicted for the first degree murder of James M. Rich in violation of La.R.S. 14:30. After arraignment, he entered a plea of not guilty and a Sanity Commission was appointed at the request of defense counsel. At the sanity hearing, the State and the defense stipulated to the written reports submitted by the members of the Sanity Commission. The trial judge determined the defendant sane and able to proceed to trial.
On the day of trial, pursuant to plea negotiations with the State, the defendant pled guilty to manslaughter (R.S. 14:31). The trial judge Boykinized the defendant, accepted the plea of guilty and imposed the negotiated sentence of twenty-one (21) years at hard labor.
The defendant appearing pro-se motioned for an appeal and urges that the record be examined for errors patent.
Accordingly, we have reviewed the entire record and more specifically, that the defendant was properly “boykinized” [1].
The record reflects the trial judge questioned the defendant regarding his understanding of the rights explained and ascertained that he was voluntarily waiving them. He further inquired into the merits of the allegations contained in the indictment, as well as details of the offense, in order to determine that there was a suffi *720 cient factual basis for the defendant’s plea. The trial judge explained the sentence to be imposed by the court and the penal consequences of the plea of guilty. Throughout the colloquy, the defendant responded appropriately and adequately conveyed to the court his willingness to waive the described rights and enter a guilty plea.
Accordingly, we find no errors patent, thus the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)