473 So.2d 357 (1985)
STATE of Louisiana
v.
Victoria P. LEWIS.
No. 85-KA-140.
Court of Appeal of Louisiana, Fifth Circuit.
July 8, 1985.
*358 Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for the State.
Victoria P. Lewis, in pro. per.
Before KLIEBERT, BOWES and GAUDIN, JJ.
BOWES, Judge.
Defendant-appellant, Victoria Lewis, was charged by a bill of information, filed on October 22, 1984, with violating La.R.S. 32:63, speeding. Ms. Lewis was accused of operating her motor vehicle at approximately 70 m.p.h. in a 45 m.p.h. zone. She was arraigned November 5, 1984, and, after being advised of her right to counsel, entered a plea of not guilty.
Following a trial before a judge of the Second Parish Court of Jefferson Parish, at which Ms. Lewis chose to represent herself, she was found guilty as charged and ordered to pay court costs. From that conviction, she filed this "appeal."
The defendant was convicted of a misdemeanor falling under section B of La.C.Cr.P. art. 779 and, therefore, under La.C.Cr.P. art. 912.1, has no right to an appeal, but instead is limited to seeking judicial review by application for supervisory writs. However, in similar situations, the Supreme Court has considered the appeal as an application for supervisory writs and reached the merits accordingly. State v. Givens, 403 So.2d 65 (La.1981); State v. Warner, 369 So.2d 135 (La.1979); La.S.Ct. Rules 1-11. We see no reason to deviate from this course of action.
Since appellant has not filed any assignments of error in either the trial court or here, this review is limited by L.S.A.C.Cr.P. article 920(2) to "... error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." (i.e., error patent).
For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
Our inspection of the record reveals no errors patent on it's face.
Accordingly, the conviction and the sentence of the defendant are affirmed.
AFFIRMED.