479 So.2d 15 (1985)
STATE of Louisiana
v.
Juan B. HENNEY.
No. 85-KA-333.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1985.
*16 John M. Mamoulides, Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty., Research and Appeals Gretna, for plaintiff-appellee.
John H. Craft, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOUTALL, CURRAULT and GAUDIN, JJ.
CURRAULT, Judge.
Juan B. Henney was charged by bill of information with aggravated battery, in violation of LSA-R.S. 14:34. He was arraigned before Judge Jacob L. Karno on June 20, 1984, and entered a plea of not guilty. The matter proceeded to trial before a six-person jury on December 4, 1984. At the conclusion of the proceedings, following deliberation, the jury found Henney guilty of the responsive verdict of second degree battery. A presentence investigation was ordered by the trial judge and the sentencing of the defendant was set for February 6, 1985. However, the sentencing was continued pending the disposition of the motion for new trial. On February 13, 1985, following argument, the motion for new trial was denied and the sentencing was set for February 27, 1985. On that date, the trial judge ordered Henney to serve two years in the parish prison. The execution of the sentence was suspended and the defendant was placed on active probation for eighteen months.
The facts reveal that shortly after seven o'clock on the evening of March 12, 1984, employees of the U-Haul Company located on the west bank of Jefferson Parish gathered for a KH (know-how) meeting in the shop of the facility. Prior to the commencement of the meeting, the supervisor, Arthur Danove, called Juan Henney into an adjoining office. There the two began discussing Henney's apparently unauthorized use of a company vehicle. Henney denied the accusation made by Danove and the two men reentered the meeting area still arguing about Henney's use of a truck. As proof of his accusation, Danove asked an employee by the name of Raymond Smith if he had observed Henney use the trucks and on what dates. Smith acknowledged that he had seen Henney coming from home in one of the trucks and gave the specific date. With Henney protesting his innocence, Danove told him his services were no longer required; he was fired. Henney then questioned Danove's authority to terminate him. He returned inside the office and called the company's president at his residence who, after speaking with Danove and Smith, also informed Henney that he was terminated. Henney, Danove and Smith then returned to the meeting area where, in front of several employees, Danove told Henney to leave but to return on Friday to turn in his uniforms and pick up his final pay. Without moving, Henney remarked, "I don't know how to take this." Danove reiterated his request for Henney to leave the area. In response to the order, Henney put his hands on the back of a metal/fiberglass folding chair, as though he were going to sit down; but instead of doing so, he struck Danove with the chair. Following the incident, Henney was subdued and escorted out of the shop area by a fellow employee. Danove went back into the office to telephone the police. However, prior to the police arriving on the scene in response to Danove's call, Henney left the premises. He was later arrested at his residence and charged with aggravated battery.
*17 In his appeal of his conviction and sentence, defendant presented four assignments of error, but failed to brief or argue the first three. Consequently, those assignments or error are deemed abandoned. See Uniform RulesCourts of Appeal, Rule 2-12.4. See also State v. Smith, 452 So.2d 251 (La.App. 5th Cir.1984); State v. Becnel, 441 So.2d 339 (La.App. 5th Cir. 1983).
The final and sole error assigned by appellant is whether there are any errors patent on the face of the record.
For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, filed in connection with a shortform indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Lewis, 473 So.2d 357 (La.App. 5th Cir.1985).
Our examination of the record in this case does not reveal error patent on the face of the record. In this regard, we have also reviewed the record concerning the sufficiency of the evidence and find the evidence sufficient to sustain the verdict of guilty of second degree battery. See State v. Accardo, 466 So.2d 549 (La.App. 5th Cir.1985).
Therefore, after a review of the law and evidence, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.