CHEHARDY, Judge.
Defendant pleaded guilty to the offense of forcible rape, a violation of LSA-R.S. 14:42.1. After conducting a full Boykin colloquy[1] the trial judge accepted defendant’s plea. Defendant waived all delays and was immediately sentenced to 17 years at hard labor, the first two years of which were to be served without benefit of proba *647 tion, parole or suspension of sentence. Defendant has appealed from that conviction and sentence.
Defendant makes no particular assignment of error other than that we are requested to examine the record for errors patent on its face.
We find none.
LSA-C.Cr.P. art. 920 provides:
“The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review, "the record in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars, mention of impaneling of-the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 337 (La.1975).
Where the conviction has been obtained by a plea of guilty, the issue of whether the defendant was properly "Boykinized” also constitutes a proper inquiry in an error patent review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Martinez, 472 So.2d 123 (La.App. 5th Cir.1985); State v. Buckles, 468 So.2d 719 (La.App. 5th Cir.1985).
The record reflects the trial judge advised defendant of his right to a trial by jury, the right to confront his accusers, and the right to remain silent. Defendant indicated he understood the judge’s explanation of his rights and expressed his desire to waive them.
The court also ascertained that defense counsel had informed defendant of. the consequences of the “Waiver of Rights on Entry of a Plea of Guilty” form before defendant had signed such form. The judge further explained the elements of the crime of forcible rape and informed defendant he would be sentenced to 17 years at hard labor. Defendant then indicated he understood the consequences of his plea and indicated his willingness to waive his rights and enter a plea of guilty.
After a careful review of the record we find no errors patent.
For the reasons assigned the conviction and sentence are affirmed.
AFFIRMED.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).