WICKER, Judge.
This appeal arises from the conviction and sentence of defendant, Anthony Cla-born for one count of armed robbery.[1] We affirm.
The facts reveal that on February 18, 1984, Anthony Claborn agreed to “watch for the bust” while Craig Hawkins robbed Greg Bryan at knifepoint. Bryan resisted, and in the ensuing struggle was fatally stabbed. Hawkins fled with Bryan’s wallet, while Claborn entered a nearby bar. Acting on information received from anonymous sources, Kenner Police Officers arrested Claborn on charges of first degree murder. While in custody, Claborn admitted his participation in the robbery, but denied knowing that Hawkins was going to stab Bryan.
On March 23, 1984 a Jefferson Parish Grand Jury returned a true bill charging the defendant, Anthony Claborn with first degree murder. He was arraigned on April 18, 1984 and through appointed counsel pled not guilty to the charge.
On September 13, 1984 defendant appeared for trial and at that time withdrew his former plea, and tendered a plea of guilty to one count of armed robbery.[2] Af *739 ter conducting a full Boykin[3] colloquy the trial judge accepted the defendant’s plea and ordered a presentence investigatibn. On November 29, 1984, the defendant was sentenced to eighteen years at hard labor without benefit of parole, probation or suspension of sentence.
It is from the above conviction and sentence that the defendant seeks relief on appeal.[4]
The sole error assigned by appellant is whether there are errors patent on the face of the record.
La.C.Cr.P Art. 920 provides: “[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.”
For the purpose of an error patent review the “record” in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. See State v. Oliveaux, 312 So.2d 387 (La.1975); State v. Henney, 479 So.2d 15 (La.App. 5th Cir.1985); State v. Lewis, 473 So.2d 357 (La.App. 5th Cir. 1985).
Where the conviction has been obtained by a plea of guilty, the issue of whether the defendant was properly “boyk-inized”[5] also constitutes a proper inquiry in an “error patent” review. State v. Godejohn, 425 So.2d 750 (La.1983); State v. Martinez, 472 So.2d 123 (La.App. 5th Cir. 1985). See also State v. Buckles, 468 So.2d 719 (La.App. 5th Cir.1985).
The transcript of the plea colloquy reflects that the trial judge advised the defendant of his right (1) to a trial by jury; (2) to confront his accusers; and (3) to remain silent, as required by Boykin, supra. The defendant indicated that he understood the judge’s explanation of his rights and expressed a desire to waive them. The trial judge also ascertained that defense counsel had informed the defendant of the consequences of the “Waiver of Rights on Entry of a Plea of Guilty” form which the defendant signed, thus assuring that the form had been explained to the defendant before he affixed his signature.
In addition to the foregoing, the elements of the crime of armed robbery were explained to defendant and the trial judge inquired into the merits of the indictment and the details of the state’s case. He informed the defendant that a sentence of fifteen to twenty years would be imposed. Throughout the proceedings the defendant expressed a willingness to waive the described rights and enter a guilty plea. Defendant further indicated that he was satisfied with the representation of appointed counsel.
After a complete review of the record, we find no errors patent.
Accordingly, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.

. L.S.A.-R.S. 14:64.

. The district attorney amended the indictment to charge one count of armed robbery.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Pursuant to an order of this court an eviden-tiary hearing was held on September 25, 1985, and it was determined that the defendant was entitled to an out-of-time appeal.

. Boykin v. Alabama, supra.